■ RICHARD E. SHANDELL, Appellant-Respondent, v MANUEL KATZ et al., Respondents-Appellants.—Order, Supreme Court, New York County (White, J.), entered November 1, 1984, directing the holding of a bifurcated hearing, before a referee, to hear and report, on issues concerning plaintiff's right to receive a share of fees earned after partnership dissolution and the effect thereon of any misconduct, and the alleged misconduct of defendants in preventing him from safeguarding the rights of clients of the dissolved partnership, and further directing the referee to determine the percentage of plaintiff's interest in the partnership at the time of dissolution, the amount of overhead or other legitimate charges against gross to be deducted in computing plaintiff's share, the amount of reimbursed disbursements and expenses advanced by the partnership before dissolution on each concluded partnership case, and with respect to interest, to determine as to the amount and time of receipt on each partnership case,

modified, on the law and the facts, to the extent of striking those portions of paragraph 1 and subparagraphs designated initial a, b, c from the third decretal paragraph, all referring to a report on the plaintiff's right to receive a share of the fees earned in partnership cases after dissolution, and otherwise affirmed, without costs or disbursements.

On an earlier appeal in this action (95 AD2d 742 [1983]), this court, *inter alia,* granted plaintiff partial summary judgment to the extent of directing an accounting, striking affirmative defenses, and dismissing the counterclaims. The relevant facts and allegations are set forth in that memorandum. There is thus no issue remaining in the case as to plaintiff's right to receive a share of the fees received and fees earned in partnership cases after dissolution. All that remains is that the accounting which was directed by the earlier order of this court proceed. Concur—Sandler, J. P., Lynch, Kassal and Rosenberger, JJ.