(March 26, 1987)

■ Tenzer, Greenblatt, Fallon & Kaplan, Appellant-Respondent, v Capri Jewelry, Inc., Respondent-Appellant, and Uri Chayavi, Also Known as Uri Chyavis, Also Known as Uri Hayawi, Also Known as Harry Grant, et al., Respondents.—Judgment of the Supreme Court, New York County (Ira Gammerman, J.), entered October 16, 1985, which denied plaintiff Tenzer, Greenblatt, Fallon & Kaplan's motion pursu-

ant to CPLR 3212 for summary judgment dismissing the counterclaims asserted against plaintiff by defendant Capri Jewelry, Inc., granted the motion by additional counterclaim defendants Uri Chayavi, also known as Harry Grant, and Shoshona Chayavi, also know as Shoshona Grant, for summary judgment pursuant to CPLR 3212 dismissing the counterclaims asserted by defendant Capri Jewelry, Inc. against them and which denied the motion of defendant Capri Jewelry, Inc. for summary judgment on its counterclaims as against plaintiff and additional counterclaim defendants, is unanimously affirmed, without costs.

On July 2, 1984, plaintiff and counterclaim defendant Tenzer, Greenblatt, Fallon & Kaplan (Tenzer, Greenblatt), a partnership engaged in the practice of law in New York City, commenced the underlying action seeking to recover for the legal services it rendered to defendant Capri Jewelry, Inc. (Capri) between February 1, 1981 and March 19, 1984, in connection with various legal matters. Defendant Capri interposed a verified answer with counterclaims against plaintiff Tenzer, Greenblatt for breach of contract, conversion and gross negligence arising from services performed by plaintiff as an escrow agent on a real estate matter involving negotiations between Capri and counterclaim defendant Grant for renewal of a lease. Capri argued that plaintiff improperly released to Grant funds it was holding in escrow pending consummation of the real estate and loan transaction. Capri also cross-claimed against Grant and his wife for recovery of the escrow funds Grant received.

We agree with plaintiff that Special Term erred in determining that it was bound by the doctrine of law of the case in denying plaintiff's motion pursuant to CPLR 3212 for summary judgment dismissing the counterclaims. Nevertheless, we conclude that because issues of fact exist precluding summary judgment to either plaintiff or defendant, an affirmance of the judgment, on this ground, is appropriate.

By an earlier order, entered March 28, 1985, in Supreme Court, New York County, Justice David Edwards, except for dismissing the fourth counterclaim for punitive damages, denied an earlier motion by plaintiff, seeking to dismiss defendant Capri's counterclaims pursuant to CPLR 3211 (a) (7), for failure to state a cause of action. Subsequently, plaintiff moved before Justice Gammerman for summary judgment pursuant to CPLR 3212, seeking dismissal of the same counterclaims. Special Term denied plaintiff's motion believing

itself bound to follow Justice Edwards' prior ruling, in accordance with the law of the case doctrine.

The law of the case doctrine is a rule of comity and convenience which states that ordinarily a court of coordinate jurisdiction should not disregard an earlier decision on the same question in the same case. *(See, Matter of Dondi v Jones,* 40 NY2d 8, 15; *Holloway v Cha Cha Laundry,* 97 AD2d 385, 386.)* The law of the case doctrine is, however, inapplicable herein, as a motion to dismiss under CPLR 3211 (a) (7) for failure to state a cause of action, which addresses merely the sufficiency of the pleadings, is distinct from a motion for summary judgment pursuant to CPLR 3212, which searches the record and looks to the sufficiency of the underlying evidence. *(See, Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *Foley v D'Agostino,* 21 AD2d 60, 64-66; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.36.) Because the two motions are distinguishable, the denial of a prior motion to dismiss a complaint for failure to state a cause of action does not bar a subsequent motion for summary judgment. *(M. Dietrich, Inc. v Bentwood Tel. Corp.,* 56 AD2d 753, 754.)

Regarding the merits of the motions, we conclude that questions of fact exist on the counterclaims interposed against plaintiff and we, therefore, affirm the denial of summary judgment to both plaintiff and defendant. We also affirm the grant of summary judgment to additional counterclaim defendant Grant, dismissing the counterclaims against him, based on defendant Capri's affirmance of the loan transaction between them. Concur—Murphy, P. J., Sandler, Carro, Asch and Rosenberger, JJ.