■ ALAN S. HUTT et al., Appellants, v LUMBERMENS MUTUAL CASUALTY COMPANY, Respondent, et al., Defendant.—In an action, *inter alia,* to recover the proceeds of a fire insurance policy, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Luciano, J.), dated July 17, 1985, which, upon a special jury verdict in favor of the respondent Lumbermens Mutual Casualty Company, dismissed the plaintiffs' complaint as against the respondent.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiffs' assertions, the court properly denied their motion, made during the course of the trial, to dismiss the respondent's affirmative defenses of willful concealment, misrepresentation, and false swearing of material facts during their examinations under oath and on the proofs of loss submitted by them to the respondent. Viewing the evidence in a light most favorable to the nonmoving party, we cannot conclude that by no rational process could the trier of facts have found for the respondent insurer *(see, e.g., Dolitsky v Bay Isle Oil Co.,* 111 AD2d 366; CPLR 4401). Based upon the plaintiffs' admissions that some of the contents of their home had been recovered but had not been reported to the respondent, and that certain items on the list of the contents of the house which were destroyed had been duplicated, the jury could have inferred an intent to defraud, a necessary element of the two defenses *(see, Deitsch Textiles v New York Prop. Ins. Underwriting Assn.,* 62 NY2d 999).

The jury's verdict should not be set aside as against the weight of the evidence *(see, Cohen v Hallmark Cards,* 45 NY2d 493; *Rossetti v Campanella,* 118 AD2d 552; *Nicastro v Park,* 113 AD2d 129), and the claimed errors with respect to the jury charge are either unpreserved for review or without merit since the court's instructions as a whole properly instructed the jury concerning the legal principles to be applied in the case at bar. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.