■ RICHARD SHANDELL, Appellant, v MANUAL KATZ et al., Individually and as KATZ, KATZ AND ERASMOUS, Respondents.— Order, Supreme Court, New York County (William Davis, J.), entered April 18, 1989, which denied plaintiff's motion for

partial summary judgment, unanimously affirmed, without costs.

This dispute between plaintiff, an attorney, and his former partners over fees not paid to plaintiff after his withdrawal from the firm has twice been before this court. In 1983, we granted plaintiff partial summary judgment to the extent of ordering an accounting (95 AD2d 742). In 1985, we affirmed that portion of the trial court's order as directed a hearing on the issue of plaintiff's share in the firm's fees (112 AD2d 102).

Plaintiff moved for summary judgment after the first part of a bifurcated hearing had been completed but before the Referee had rendered his decision. The second part of the hearing had not yet commenced. Although plaintiff contested defendants' proposed accounting, he nevertheless claimed entitlement to partial summary judgment with regard to certain fees which were collected after the firm's dissolution and his share of predissolution overhead. Because this court has already directed that these issues be determined by a Referee, the Supreme Court properly denied plaintiff's motion under the doctrine of law of the case (Tenzer, Greenblatt, Fallon & Kaplan v Capri Jewelry, 128 AD2d 467, 469).

Plaintiff also claimed that certain figures in defendants' accounting constituted admissions entitling him to judgment under CPLR 4401. We note that plaintiff did not rely on this provision of the CPLR below and that the argument is without merit in any event. Judgment under CPLR 4401 is inappropriate unless there is no rational process by which the finder of fact could find for the nonmovant (Hutt v Lumbermens Mut. Cas. Co., 130 AD2d 546, lv denied 70 NY2d 612). Concur—Murphy, P. J., Ross, Rosenberger and Asch, JJ.