■ WALTER S. HERBERT, Respondent, v SIVACO WIRE CORP. et al., Appellants. [767 NYS2d 25]—

Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered June 24, 2003, which denied defendants' motion to "amend" the note of issue to delete the statement that the answer had been stricken for failure to comply with discovery orders, unanimously reversed, on the law, the facts and in the exercise of discretion, the note of issue stricken, the answer reinstated, and the matter remanded for a hearing in accordance with the decision herein.

Plaintiff, a machinist, allegedly suffered personal injuries as a result of a defectively designed and manufactured wire product that snagged, recoiled and struck him in the eye. On or about May 11, 2001, the Supreme Court (Joseph Giamboi, J.) ordered defendants to produce, inter alia, the entire contents of their customer complaint files (item 4 in the order) as well as certain specific documents and photographs (item 1 in the order) by June 11, 2001, or the answer would be stricken. Prior to the deadline, defendants appealed from that order, on the ground that they were entitled to a protective order, and sought a stay with respect to the entire customer files (item 4). On June 11, 2001, while the stay motion was still pending, defendants responded to the specific documentary and photographic requests (item 1) by providing affidavits from personnel at defendants' Tonawanda, Ontario and Georgia facilities attesting

to the fact that the requested items did not exist; apparently, plaintiff did not find that response satisfactory. Thereafter, this Court stayed that part of the order relating to the entire customer files (item 4).

While the appeal was still pending, plaintiff obtained an order from the Supreme Court (Douglas McKeon, J.), entered October 26, 2001, which directed defendants to produce all discovery not subject to this Court's stay within 20 days or suffer the striking of the answer without further order by the court. This Court stayed Justice McKeon's order pending determination of the appeal.

By order entered December 11, 2001 (289 AD2d 71 [2001]), this Court affirmed Justice Giamboi's May 2001 order. Although this Court's decision did not expressly state that the answer had not been stricken, that conclusion was apparent from the fact that the discovery orders had been stayed.

The following day, December 12, defendants' counsel informed plaintiff's counsel that the entire customer complaint files were available for inspection and copying. Instead, on December 21, plaintiff filed a note of issue representing that the answer had been stricken for failure to provide court-ordered discovery. Defendants moved to "amend" the note of issue to reflect that the answer had not been stricken.

By order entered May 31, 2002, the Supreme Court (Sallie Manzanet, J.) noted that this Court had not provided a new discovery compliance date in the December 2001 order, and in the absence of a new deadline Supreme Court framed the issue as "whether movant defendant has in fact provided the required discovery." However, the court stated that it did not have such information and therefore could not determine whether the answer had been stricken and whether the note of issue should be amended. The court directed defendants "to produce and exchange the outstanding discovery in Court" by a certain date, and ruled that failure by defendants to produce the discovery "will result in the striking of defendant's answer for wilful and contumacious disregard of Court Orders. This is a self-executing Order."

Thereafter, defendants produced three boxes of documents and an affidavit from an employee at their Quebec facility to the effect that all extant documents had been produced, and offered to make their personnel available for depositions or a hearing on the issue of their claim that no other documents exist.

By order entered June 24, 2003, denominated a grant of reargument, Justice Manzanet denied defendants' application to amend the note of issue to state that the answer had not been

stricken. The Court rejected as insufficiently proven defendants' claim that no documents other than the three box-loads exist. In particular, the affidavit of Louis Lemoine, the technical services manager at defendants' Quebec facility, merely stated that it was his "understanding" that when defendants' Tonawanda facility began downsizing in 1998 it shipped all its customer files to Quebec, from where all documents were produced in the three boxes. The court stated that, even if the documents no longer exist, "there is an inherent prejudice to plaintiff at this stage of the action where the case is presently scheduled for trial on June 27, 2003."

On appeal, plaintiff does not appear to contest the sufficiency of defendants' production with respect to item 4 of Justice Giamboi's May 2001 order, the entire customer complaint files. Rather, plaintiff argues that defendants failed to produce certain specific documents and photographs as directed in item 1 of that order and Justice McKeon's October 2001 order, which orders struck the answer for such noncompliance. However, as noted, *supra*, this Court stayed that requirement pending determination of the appeal from Justice Giamboi's order, and thus the answer was not previously stricken. Indeed, plaintiff acknowledges that Justice Manzanet's first, May 2002, order only conditionally struck the answer and "gave defendants an additional 'final' opportunity to provide the specific Court-ordered discovery." Accordingly, defendants are correct insofar as they argue that the representation in the note of issue that the answer had already been stricken was not accurate when the note of issue was filed on December 21, 2001. The answer was not struck until June 2003, when Justice Manzanet issued her second order, which discredited defendants' assertion that they had produced all items in their possession and found that defendants had willfully and contumaciously failed to comply with discovery orders.

Justice Manzanet's finding of willful noncompliance was premised on the fact that Louis Lemoine, defendants' employee at the Quebec facility, had only an "understanding," without personal knowledge, that the Tonawanda facility had sent all documents there; thus, Lemoine's affidavit might be sufficient to establish that all documents in the Quebec facility had been produced, but not to prove that all documents from Tonawanda or the other facilities had been produced. Defendants reference affidavits of employees from the pertinent facilities, in Tonawanda, Ontario and Georgia, attesting to the fact that no documents are in the possession of those branches. Plaintiff does not deny receipt of the affidavits. Moreover, when Justice

Manzanet expressed skepticism at the hearing regarding defendants' assertion that all existing documents had been provided, defendants offered to produce the pertinent employees for a hearing or depositions. In light of those facts, the June 24, 2003 order is reversed, the note of issue stricken, and the matter remanded for a hearing on whether the requested items of discovery still exist, whether there was spoliation, and, if so, what the appropriate sanction would be (*see Sage Realty Corp. v Proskauer Rose,* 275 AD2d 11 [2000]).

Finally, we reject plaintiff's argument that the motion to "amend" the note of issue was untimely pursuant to 22 NYCRR 202.21 (e). Under that provision: "At any time, the court on its own motion may vacate a note of issue if it appears that a material fact in the certificate of readiness is incorrect." Concur—Buckley, P.J., Nardelli, Tom, Mazzarelli and Gonzalez, JJ.