■ KOYA ABE, Appellant, v NEW YORK UNIVERSITY et al., Respondents. [29 NYS3d 164]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered February 4, 2015, which denied plaintiff's motion to compel disclosure and for in camera review of documents withheld by the defendants as privileged, to strike defendants' answers, and for sanctions, and granted defendants' cross motion to the extent of ordering the return of privileged documents related to defendant Cathleen Dawe that were inadvertently produced to plaintiff, unanimously affirmed, with costs.

The motion court did not abuse its discretion in denying plaintiff's motion to compel defendants to disclose and produce documents listed in their privilege logs, for an in camera review, and other related relief (see *148 Magnolia, LLC v Merrimack Mut. Fire Ins. Co.*, 62 AD3d 486, 487 [1st Dept 2009]). Pursuant to a stipulation and order of reference to determine, the JHO determined that all the documents, which were forwarded on a disk, were privileged if they were between Cathleen Dawe, NYU Associate General Counsel, and NYU employees, or if between employees and copied to Dawe. "The law of the case doctrine is a rule of comity and convenience which states that ordinarily a court of coordinate jurisdiction should not disregard an earlier decision on the same question in the same case" (*Tenzer, Greenblatt, Fallon & Kaplan v Capri Jewelry*, 128 AD2d 467, 469 [1st Dept 1987]). Thus, where the motion court directed that certain issues be determined by a referee, such as the March 20, 2012 stipulation and order of reference to determine in this case, the motion court properly found that the JHO's determinations were the law of the case (see *Shandell v Katz*, 159 AD2d 389, 390 [1st Dept 1990] [citation omitted]). Concur—Tom, J.P., Renwick, Richter, Kapnick and Webber, JJ.