**Lasano v Kaye**

2024 NY Slip Op 31120(U)

April 3, 2024

Supreme Court, New York County

Docket Number: Index No. 450987/2019

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JOHN J. KELLEY**

*Justice*

PART        **56M**

-------------------------------------------------------------------------------X

SALAMIA G. LASANO, individually, and as executor of the estate of JOE S. LASANO (deceased),

Plaintiff,

- v -

PETER M. KAYE, M.D., NIRMALA NANJAPPA, M.D., JOSEPH MING LEE, M.D., GOOD SAMARITAN HOSPITAL, PRASHANT SINHA, M.D., GRETA LYNN PIPER, M.D., NYU HOSPITALS CENTER, also known as NEW YORK UNIVERSITY LANGONE MEDICAL CENTER, JOHN DOE, JANE DOE, JANE ROE, and ABC COMPANIES 1-5,

Defendants.

-------------------------------------------------------------------------------X

INDEX NO.        450987/2019

MOTION DATE      11/08/2023, 11/08/2023, 11/15/2023, 11/15/2023

MOTION SEQ. NO.  002, 003, 004, 005

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 250

were read on this motion to/for        VACATE/STRIKE - NOTE OF ISSUE/JURY DEMAND/FROM TRIAL CALENDAR        .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 206, 207, 208, 209, 210, 211, 212, 213, 249

were read on this motion to/for        VACATE/STRIKE - NOTE OF ISSUE/JURY DEMAND/FROM TRIAL CALENDAR        .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 230, 231, 232, 233, 234, 243, 244, 245, 246, 247, 248, 259

were read on this motion to/for        VACATE/STRIKE - NOTE OF ISSUE/JURY DEMAND/FROM TRIAL CALENDAR        .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 235, 236, 237, 238, 239, 240, 241, 242, 251, 252, 253, 254, 255, 258

were read on this motion to/for        VACATE/STRIKE - NOTE OF ISSUE/JURY DEMAND/FROM TRIAL CALENDAR        .

In this action to recover damages for medical malpractice based on alleged departures from good and accepted practice, for lack of informed consent, and for wrongful death, the defendants Prashant Sinha, M.D., Greta Lynn Piper, M.D., and NYU Hospitals Center, also known as NYU Langone Medical Center (collectively the NYU defendants), move pursuant to 22

**450987/2019   LASANO, SALAMIA G. vs. KAYE, MD, PETER M.**
Motion No.  002 003 004 005

**Page 1 of 5**

[* 1]

[* 2]

NYCRR 202.21(e) to vacate the note of issue and certificate of readiness and, if that branch of their motion is denied, for an extension of time within which to move for summary judgment (MOT SEQ 002). The defendants Peter M. Kaye, M.D., and Good Samaritan Hospital (together the Good Samaritan defendants) move for the same relief (MOT SEQ 003), as do the defendants Nirmala Nanjappa, M.D. (MOT SEQ 004) and Joseph Ming Lee, M.D. (SEQ 005). The plaintiff, in papers filed under Motion Sequence 004, opposes all of the motions. The motions are granted only to the extent that the defendants' time to move for summary judgment is extended until June 3, 2024, and the motions are otherwise denied.

In a status conference order dated January 9, 2023, this court, among other things, scheduled the dates for party depositions and fixed the note of issue filing deadline as December 20, 2023. In a follow-up status conference order dated September 6, 2023, the court rescheduled the deposition of one of the parties whose deposition had been scheduled in the prior status conference order, and directed the plaintiff to provide certain additional authorizations permitting the defendants to obtain relevant medical records. The September 6, 2023 order extended the note of issue filing deadline until February 8, 2024. Neither of those two status conference orders addressed any outstanding demands that the plaintiff serve supplemental bills of particulars or the scheduling of nonparty witness depositions. Both of those orders included the following language: "Absent good cause shown, any discovery issues not raised herein will be deemed waived."

The plaintiff served and filed the note of issue on September 26, 2023. 22 NYCRR 202.21(e) provides, in relevant part, that,

> "[w]ithin 20 days after service of a note of issue and certificate of readiness, any party to the action or special proceeding may move to vacate the note of issue, upon affidavit showing in what respects the case is not ready for trial, and the court may vacate the note of issue if it appears that a material fact in the certificate of readiness is incorrect, or that the certificate of readiness fails to comply with the requirements of this section in some material respect."

**450987/2019  LASANO, SALAMIA G. vs. KAYE, MD, PETER M.**
**Motion No.  002 003 004 005**

**Page 2 of 5**

The defendants thus had until October 16, 2023 within which to move to vacate the note of issue pursuant to this court rule (*see* General Construction Law § 20). Pursuant to CPLR 2211, "[a] motion on notice is made when a notice of the motion or an order to show cause is served." The NYU defendants timely made their motion by serving a notice of motion on October 6, 2023, the Good Samaritan defendants timely moved by serving a notice of motion on September 28, 2023, and Lee timely moved by serving a notice of motion on October 16, 2023. Nanjappa, however, did not serve her order to show cause until October 19, 2023, and, hence, that branch of her motion seeking to vacate the note of issue must be denied as untimely.

In any event, all of the defendants' motions must be denied on the merits as well. A court may vacate a note of issue where it appears that a material fact set forth therein, i.e., the representation that discovery is complete, is incorrect (*see* 22 NYCRR 202.21[e]; *Rivers v Birnbaum*, 102 AD3d 26 [2d Dept 2012]; *Gomes v Valentine Realty LLC*, 32 AD3d 699 [1st Dept 2006]; *Herbert v Sivaco Wire Corp.*, 1 AD3d 144 [1st Dept 2003]). Nonetheless, where discovery is nearly completed, "[a] court, in its discretion, may allow post-note of issue discovery without vacating the note of issue as long as prejudice to either party would not result" (*WVH Hous. Dev. Fund Corp. v Brooklyn Insulation & Soundproofing*, *Inc.*, 193 AD3d 523, 523 [1st Dept 2021]; *see Samuelsen v Wollman Rink Operations, LLC,* 196 AD3d 408, 408-409 [1st Dept 2021] [permitting defendant to conduct IME while action remained on the trial calendar]). The plaintiff demonstrated that she had provided all of the authorizations that had been requested by the several defendants, and, while the motions were pending, she served a response to an outstanding demand by the Good Samaritan defendants. To the extent that any party claimed that additional discovery was outstanding because of the need to conduct nonparty witness depositions or to serve a demand for a supplemental bill of particulars, those items of discovery have been waived, as they were not addressed in the court's final two status conference orders, and the defendants have neither demonstrated "good cause" nor "special,

**450987/2019   LASANO, SALAMIA G. vs. KAYE, MD, PETER M.**                **Page 3 of 5**
  **Motion No.  002 003 004 005**

3 of 5

[* 3]

unusual or extraordinary" circumstances (22 NYCRR 202.21[d]) warranting additional post-note of issue disclosure.

In light of the fact that (a) the deadline for making summary judgment motions subsequent to the filing of the note of issue (*see* CPLR 3212[a]) already had expired during the pendency of these motions which, had they been successful, would have restored the action to pre-note of issue status and thereupon negated the deadline, and (b) the instant motions relate to disputes over outstanding discovery, the defendants have shown good cause for extending that deadline here (*see Brill v City of New York*, 2 NY3d 648 [2004]; *Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124 [2000]; *Cooper v Hodge*, 13 AD3d 1111 [4th Dept 2004]). The court thus extends the defendants' deadlines for making a summary judgment motion until June 3, 2024.

Accordingly, it is,

ORDERED that the motion of the defendants Prashant Sinha, M.D., Greta Lynn Piper, M.D., and NYU Hospitals Center, also known as NYU Langone Medical Center (MOT SEQ 002), is granted only to the extent that their deadline for moving for summary judgment is extended until June 3, 2024, and their motion is otherwise denied; and it is further,

ORDERED that the motion of the defendants Peter M. Kaye, M.D., and Good Samaritan Hospital (MOT SEQ 003) is granted only to the extent that their deadline for moving for summary judgment is extended until June 3, 2024, and their motion is otherwise denied; and it is further,

ORDERED that the motion of the defendant Nirmala Nanjappa, M.D. (MOT SEQ 004), is granted only to the extent that her deadline for moving for summary judgment is extended until June 3, 2024, and her motion is otherwise denied; and it is further,

ORDERED that the motion of the defendant Joseph Ming Lee, M.D. (MOT SEQ 005), is granted only to the extent that his deadline for moving for summary judgment is extended until June 3, 2024, and his motion is otherwise denied.

**450987/2019   LASANO, SALAMIA G. vs. KAYE, MD, PETER M.**
**Motion No.  002 003 004 005**

**Page 4 of 5**

[* 4]

4 of 5

This constitutes the Decision and Order of the court.

<table>
<tr><td><strong>4/3/2024</strong><br><strong>DATE</strong></td><td></td><td><strong>JOHN J. KELLEY, J.S.C.</strong></td></tr>
</table>

| MOTION 002: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |
| MOTION 003: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |
| MOTION 004: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |
| MOTION 005: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**450987/2019   LASANO, SALAMIA G. vs. KAYE, MD, PETER M.**
**Motion No.  002 003 004 005**

**Page 5 of 5**

5 of 5