Barbiere v 175 W. 12th St. Condominium (2025 NY Slip Op 00267)

Barbiere v 175 W. 12th St. Condominium

2025 NY Slip Op 00267

Decided on January 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 16, 2025

Before: Webber, J.P., Gesmer, Shulman, Pitt-Burke, Higgitt, JJ. 

Index No. 653461/19 Appeal No. 3516 Case No. 2023-06166 

[*1]Janet A. Barbiere, et al., Plaintiffs-Appellants,
v
175 West 12th Street Condominium, Defendant-Respondent, Craig Raia, et al., Defendants.

Elliot M. Kroll, New York, appellant pro se, and for Janet A. Barbiere, appellant.
Boyd Richards Parker Colonnelli, New York (Jacqueline L. Aiello of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.) entered July 25, 2023, which, to the extent appealed as limited by the briefs, denied plaintiffs' motion for summary judgment insofar as it sought relief with respect to liquidated damages imposed by defendant condominium and with respect to the right to install a gas grill on a terrace, and granted the condominium's motion for summary judgment dismissing the amended complaint in its entirety, unanimously affirmed, without costs.
Contrary to plaintiffs' position otherwise, CPLR 3211(e) does not preclude a defendant from moving for summary judgment dismissing the complaint after denial of a motion under CPLR 3211(a) (see e.g. Tenzer, Greenblatt, Fallon & Kaplan v Capri Jewelry, Inc., 128 AD2d 467, 469 [1st Dept 1987]).
As to the merits, Supreme Court properly dismissed the complaint insofar as plaintiffs alleged that the $200 per day liquidated damages for delay in the completion of the work under the parties' alteration agreement constituted an unenforceable penalty. Those allegations appear in both the third and fourth causes of action, among others. Plaintiffs, the parties seeking to avoid the imposition of the liquidated damages, did not carry their burden of showing that the condominium's damages "were readily ascertainable" when the parties entered into the alteration agreement, nor did they show that the liquidated damages were "conspicuously disproportionate to these foreseeable losses" (VII MP Miami Hotel Owner, LLC v Hycroft, LLC, 206 AD3d 507, 508 [1st Dept 2022]). Indeed, the condominium established that its damages arising from loss of use of the common elements, extra labor required to maintain the areas affected by the prolonged work, and fees and expenses incurred as a result of nearly a year of delay could not be ascertained when the parties entered into the agreement. Even though the board members and managing agent characterized the fees as penalties, that does not prevent us from enforcing the contract entered into by the sophisticated plaintiffs, both attorneys, in the absence of countervailing public policy considerations (see Seymour v Hovnanian, 211 AD3d 549, 554-555 [1st Dept 2022]).
Supreme Court also properly dismissed the complaint insofar as plaintiffs alleged that condominium wrongly refused to allow them to install a gas grill on their terrace as alleged in both the third and the fifth causes of action, among others. Plaintiffs acknowledge that they were properly denied permission under the alteration agreement, which governs the scope of work under bylaws section 5.2, to install a gas-piped grill on their terrace. In addition, the court properly rejected plaintiffs' contention that their subsequent December 27, 2016 request was not timely denied, as bylaws section 5.2 requires approval "within thirty (30) days after such request is received," not when the request is sent. Because the managing agent stated that the request was received on January 3, 2017 [*2]and was denied on January 28, 2017, the denial was timely.
As Supreme Court observed, plaintiffs failed to oppose dismissal of the causes of action for negligence, breach of the covenant of good faith and fair dealing, promissory estoppel, and negligent misrepresentation. In any event, those causes of action arise from the same facts as the breach of contract causes of action, rendering dismissal proper because Supreme Court properly dismissed the breach of contract causes of action. Plaintiffs also failed to oppose dismissal of the cause of action for an accounting and did not factually dispute the condominium's assertion that plaintiffs received the relevant information during litigation. We also observe that the causes of action for promissory estoppel and negligent misrepresentation were asserted solely against the individual board members, but plaintiffs have discontinued the action against them with prejudice and therefore cannot maintain those causes of action.
To the extent the cause of action for breach of the covenant of good faith and fair dealing alleged facts relating to the imposition of liquidated damages and denial of permission to install the gas grill, it was properly dismissed for the reasons discussed above. Although plaintiffs insist that those issues required determinations by the board in writing under bylaws section 2.17, we observe that the alteration agreement governs the resolution of those claims, and plaintiffs have not raised a basis for deviating from its terms.
We have considered plaintiffs' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 16, 2025