Smartmatic USA Corp. v Fox Corp. (2025 NY Slip Op 02891)

Smartmatic USA Corp. v Fox Corp.

2025 NY Slip Op 02891

Decided on May 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 13, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 151136/21|Appeal No. 4345-4346|Case No. 2024-04378, 2024-07725|

[*1]Smartmatic USA Corp. et al., Plaintiffs-Respondents,
v
Fox Corporation et al., Defendants-Appellants, Sydney Powell, Defendant. 

Kirkland & Ellis LLP, Washington, DC (Kenneth W. Allen of the bar of the State of Georgia and District of Columbia, admitted pro hac vice, of counsel), for appellants.
Benesch Friedlander Coplan & Aronoff LLP, New York (Edward C. Wipper of counsel), Benesch Friedlander Coplan & Aronoff LLP, Chicago, IL (Jamie N. Ward of the bar of the State of Illinois, admitted pro hac vice of counsel), for respondents.

Order, Supreme Court, New York County (David B. Cohen, J.), entered July 3, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion to review and vacated an order of the Judicial Hearing Officer, dated May 28, 2024, granting, in part, defendants' motion to renew its prior motion to compel discovery and directing plaintiffs to disclose certain categories of documents and communications related to a federal investigation and subsequent criminal prosecution alleging that plaintiffs' executives engaged in corrupt practices in procuring a contract in the Philippines, unanimously reversed, on the law, without costs, and plaintiffs directed to disclose documents directed in the May 28, 2024 order, as limited by defendants' briefs on appeal: (a) nonprivileged documents and communications regarding the effect on Smartmatic's business of the DOJ's allegations against Smartmatic, including, but not limited to, those from customers or potential customers; (b) all internal documents concerning discussions or analysis of the impact of the indictment on the company; and (c) all communications received from any actual or potential customer about the indictment.
Order, same court and Justice, entered December 11, 2024, which denied defendants' motion to renew their opposition to plaintiffs' motion to review and vacate the May 28, 2024 order of the Judicial Hearing Officer, unanimously dismissed, without costs, as academic.
Supreme Court's vacatur of the May 28, 2024, order of the Judicial Hearing Officer directing plaintiffs to disclose certain documents was an improvident exercise of discretion (see e.g. Abe v New York Univ., 139 AD3d 416, 416 [1st Dept 2016]). Under New York's liberal discovery standard set forth in CPLR 3101(a), pretrial disclosure is warranted when the requesting party can show that the "discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the [defense]" (SNI/SI Networks LLC v DIRECTV, LLC, 132 AD3d 616, 617 [1st Dept 2015] quoting Abrams v Pecile, 83 AD3d 527, 528 [1st Dept 2011]). Documents and communications relating to the reaction of plaintiffs' customers and employees to the criminal allegations and indictment meet this standard.
Plaintiffs are pursuing special damages in the form of lost profits, which require them to identify the actual economic losses that were caused by the alleged defamatory statements (see e.g. Aronson v Wiersma, 65 NY2d 592, 595 [1985]). An integral part of defendants' defense is that there are reasons for the decline of plaintiffs' business that are unrelated to defendants' statements, which reasons include the widely publicized criminal charges against plaintiffs' executives. The documents and communications sought by defendants on this appeal, which reflect the potential impact of these criminal charges on Smartmatic's business prospects, are plainly relevant to its current [*2]and future lost profits. Information tending to prove this defense is discoverable (see e.g. Rivera v NYP Holdings Inc., 63 AD3d 469, 469 [1st Dept 2009]).
In vacating the May 28, 2024 order, and in effect denying defendants' discovery requests, the court relied on a line of cases involving the admissibility of evidence at trial, which does not employ the same standard as the liberal discovery standard under CPLR 3101(a) (see McGill v Whitney Museum of Am. Art, 83 Misc 3d 1292[A], 2024 NY Slip Op 51271[U] [Sup Ct, NY County 2024]; see also People v Frumusa, 29 NY3d 364, 369-370 [2017]; People v Miller, 91 NY2d 372, 378 [1998]). Additionally, defendants are not seeking the requested discovery to show propensity, or to conduct a "trial within a trial" to prove Smartmatic executives bribed Filipino election officials. Instead, they seek to introduce evidence of plaintiffs' and its customers' responses to the bribery allegations and the indictments to demonstrate the likelihood that they impacted, and will continue to impact, plaintiffs' business prospects. Courts have recognized the detrimental impact that an indictment can have on a person's or entity's reputation (see e.g. People v Smith, 87 NY2d 715, 720 [1996]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2025