| **Duino v CEM W. Vil., Inc.** |
|:---:|
| 2025 NY Slip Op 34757(U) |
| December 9, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 158731/2018 |
| Judge: Denis Reo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | **HON. DENIS REO** | PART **65** |
| | *Acting Justice* | |

---------------------------------------------------------------------X

Tony Duino

                        Petitioner,

          - v -

CEM West Village, Inc.,
Stephan Marsan

                       Respondents.

---------------------------------------------------------------------X

| INDEX NO. | 158731/2018 |
|---|---|
| MOTION DATE | 09/02/2025 |
| MOTION SEQ. NO. | 009 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 009) 223, 224, 225, 226, 227, 229, 232, 233, 235, 236

were read on this motion to/for                              DISMISS               .

      In this action alleging a trip and fall on a staircase, defendant CEM West Village, Inc. (CEM) moves pursuant to CPLR § 3211 [a] [7] for an order dismissing plaintiff Tony Duino's (plaintiff) second amended complaint on the ground that it fails to state a cause of action. CEM previously crossed-moved pursuant to CPLR § 3212 for summary judgment dismissing plaintiff's complaint. This cross-motion, as well as co-defendant Stephan Marsan's (Marsan) motion for summary judgment, was denied by Honorable Shlomo Hagler by decision and order dated July 15, 2022[1]. CEM contends that the instant motion is not duplicative of its prior cross-motion for summary judgment because the cross-motion for summary judgment was premised on plaintiff's alleged inability to identify the cause of his fall, whereas the instant motion to dismiss is premised on plaintiff's deposition testimony, or judicial admissions as CEM refers to it, that the cause of his accident was his failure to complete the first step as he descended the stairs.

---
[1] Interestingly, CEM did not include Justice Hagler's July 15, 2022 decision and order as an exhibit to its motion to dismiss. When referring to or citing this order, the Court is relying on NYSCEF Document Number 128.

**158731/2018 DUINO, TONY vs. CEM WEST VILLAGE, INC.**           **Page 1 of 4**
**Motion No. 009**

[* 1]

CEM also argues that this motion does not violate the single motion rule because it is the first time that CEM is moving to dismiss the complaint for failure to state a cause of action. Plaintiff opposes the motion.

As an initial matter, the instant motion, denominated by CEM as one to dismiss, is not violative of the single motion rule (CPLR § 3211 [e]). The single motion rule permits a party to move only once upon one or more grounds enumerated under CPLR 3211 [a] (*TRB Acquisition LLC v Yedid*, 225 AD3d 508 [1st Dept 2024]). Since CEM's early cross-motion was for summary judgment pursuant to CPLR § 3212, this is the first time CEM is moving to dismiss plaintiff's seconded amended complaint pursuant to CPLR § 3211 [a].

Nevertheless, CEM's motion to dismiss must be denied as it is barred by the law of the case doctrine. The law of the case doctrine contemplates that the parties had a full and fair opportunity to litigate when an initial determination was made and, when applied, precludes parties or their privies from re-litigating an issue that has already been decided (*Chanice v Federal Express Corp.*, 118 AD3d 634, 635 [1st Dept 2014]). Contrary to moving counsel's assertion, it is clear from the July 15, 2022 decision and order of Justice Hagler that the instant motion is not the first time that the issue of plaintiff's alleged misstep has been litigated. Before addressing the "gravamen" of Marsan's motion and CEM's cross-motion for summary judgment, i.e., that plaintiff did not know why he fell, Justice Hagler expressly addressed "the other explicit or implicit arguments" asserted in the motion and cross-motion. Those arguments included, *inter alia*, that the accident occurred because plaintiff was drinking alcoholic beverages before the accident; that plaintiff was aware of the condition of the stairs because he went up and down the staircase twice on the day of the accident and, therefore, the accident was a result of plaintiff's own action or inaction; and that "*plaintiff's accident was because of a misstep or plaintiff using*

**158731/2018  DUINO, TONY vs. CEM WEST VILLAGE, INC.**
**Motion No. 009**

**Page 2 of 4**

[* 2]

*only his heels to descend the staircase, and not because of any defect in the stairway or step"* [emphasis added]). In rejecting these arguments, including the argument that the accident was the result of a misstep by plaintiff, Justice Hagler stated that they went to the issues of "credibility, evidence of a competing cause of plaintiff's fall, weight of the evidence, comparative fault, or whether plaintiff can ultimately prove his case at trial" and held that these issues did not "lend themselves to summary judgment."

A motion to dismiss merely addresses the sufficiency of the pleadings while a motion for summary judgment searches the record and looks to the sufficiency of the underlying evidence (*Kidd v Delta Funding Corp.*, 299 Ad2d 457 [2d Dept 2002]). Thus, the denial of a prior motion to dismiss a complaint for failure to state a cause of action does not bar a subsequent motion for summary judgment (*Tenzer, Greenblatt, Falllon & Kaplan v Capri Jewelry, Inc.*, 128 AD2d 467, 469 [1st Dept 1987]). This case presents the inverse procedural posture. Here, a court of concurrent jurisdiction has already searched the record on a motion and cross-motion for summary judgment and expressly found, with respect to the argument that plaintiff's alleged misstep caused his fall, that there are issues of credibility, weight of the evidence, etc. that precluded summary judgment in defendants' favor. Despite this determination, CEM, relying on plaintiff's deposition testimony, the same evidence previously submitted in support of its cross-motion summary judgment, now argues that this same deposition testimony renders plaintiff's second amended complaint insufficient and subject to dismissal. But "where, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR§ 3211[a] [7], and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless it has been shown that a material fact as claimed by the plaintiff to

158731/2018   DUINO, TONY vs. CEM WEST VILLAGE, INC.
Motion No. 009

Page 3 of 4

[* 3]

be one is not a fact at all and unless it can be said that no significant dispute exists regarding it"
(*Celauro v Celauro*, 2241 AD3d 1258 [2d Dept 2025]).  Justice Hagler has already determined,
after searching the record, that questions of fact exist with respect to plaintiff's alleged misstep
such that summary judgment had to be denied.  In light of this holding, which this court is bound
by, CEM has failed to establish that plaintiff does not have a cause of action.

Accordingly, it is hereby

ORDERED that the motion is denied and the parties are to appear in Part 40 for jury
selection on July 6, 2026 as previously ordered by Administrative Judge Suzanne Adams.

| 12/09/2025 | | DENIS REO, A.J.S.C. |
| --- | --- | --- |
| **DATE** | | |

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- |
| | | ☐ GRANTED  ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |