| **Fulton v NYU Langone Hosps.** |
|:---:|
| 2026 NY Slip Op 31059(U) |
| March 18, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 805353/2019 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. JOHN J. KELLEY**

*Justice*

|  |  |
|---|---|
| PART | 56M |

-------------------------------------------------------------------------------X

JAMES F. FULTON, JR., and KRISTIN L. FULTON,

       Plaintiffs,

- v -

NYU LANGONE HOSPITALS, NYU LANGONE HOSPITALS –TISCH HOSPITAL, NYU LANGONE HEALTH SYSTEM, NYU LANGONE HEALTH, NYU SCHOOL OF MEDICINE, NYU LANGONE RADIOLOGY ASSOCIATES, NYU LANGONE DIAGNOSTICS, LLC, MARSHA A. HARRIS, M.D., BRIAN P. HARLIN, M.D., STEVEN Z. BRANDEIS, M.D., COLON AND RECTAL SURGERY OF MANHATTAN, P.C., KAREN B. WAGNER, M.D., LENOX HILL RADIOLOGY AND MEDICAL IMAGING ASSOCIATES, P.C., RADNET, INC., MARISSA L. ANDERSON, M.D., MIROSLAV PEEV, M.D., CHRISTIE A. LECH, M.D., ASHLEY C. MILLER, M.D., JOSEPH B. LEVIN, M.D., SEAN M. FARQUHARSON, M.D., PETER PATALANO, M.D., HERSH CHANDARANA, M.D., JOVAN BEGOVIC, M.D., CLAYTON LI, M.D., SIMENG WANG, M.D., KATIE L. SHERWOOD, P.A., BLAKE A. HOLL, P.A., MENG N. QIAN, P.A., CHRISTOPHER J. BURKE, P.A., JENNIFER KIRSCHENBAUM, R.N., and GUERDELYNE AUGUSTIN, R.N.,

       Defendants.

,-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 805353/2019 |
| MOTION DATE | 12/16/2025 12/16/2025 12/16/2025 |
| MOTION SEQ. NO. | 003, 004, 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 184, 185, 186, 187, 188, 189, 208, 211, 214, 217, 220, 225, 226, 227, 228, 229, 230, 231, 232, 233, 252, 253, 256, 257, 261

were read on this motion to/for    VACATE/STRIKE - NOTE OF ISSUE/JURY DEMAND/FROM TRIAL CALENDAR .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 190, 191, 192, 193, 194, 195, 196, 209, 212, 215, 218, 221, 223, 224, 234, 235, 236, 237, 238, 239, 240, 241, 242, 254, 255, 258, 259

were read on this motion to/for    VACATE/STRIKE - NOTE OF ISSUE/JURY DEMAND/FROM TRIAL CALENDAR .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 210, 213, 216, 219, 222, 243, 244, 245, 246, 247, 248, 249, 250, 251, 260

were read on this motion to/for    VACATE/STRIKE - NOTE OF ISSUE/JURY DEMAND/FROM TRIAL CALENDAR .

**805353/2019   FULTON, JR., JAMES F vs. NYU LANGONE HOSPITALS**
**Motion No.  003 004 005**

**Page 1 of 6**

[* 1]

In this action to recover damages for medical malpractice based on alleged departures from good and accepted practice and for loss of spousal consortium, the defendants NYU Langone Hospitals, NYU Langone Hospitals-Tisch Hospital, NYU School of Medicine, NYU Langone Radiology Associates, NYU Langone Diagnostics, LLC, Marissa L. Anderson, M.D., Miroslav Peev, M.D., Christie A. Lech, M.D., Ashley C. Miller, M.D., Joseph B. Levin, M.D., Sean M. Farquharson, M.D., Peter Patalano, M.D., Hersh Chandarana, M.D., Clayton Li, M.D., Simeng Wang, M.D., Katie L. Sherwood, P.A., Blake A. Holl, P.A., Meng N. Qian, P.A., Christopher J. Burke, P.A., Jennifer Kirschenbaum, R.N., and Guerdelyne Augustin, R.N. (collectively the NYU defendants) move pursuant to 22 NYCRR 202.21(e) to vacate the note of issue and certificate of readiness (MOT SEQ 003). The defendants Marsha A. Harris, M.D., and Colon and Rectal Surgery of Manhattan, P.C. (together the CRSM defendants), move for the same relief, and to extend their time to move for summary judgment if their motion is denied (MOT SEQ 004). The defendants Karen B. Wagner, M.D., and Lenox Hill Radiology & Medical Imaging Associates, P.C. (together the Lenox Hill defendants), also move to vacate the note of issue and extend their time to move for summary judgment if their request to vacate the note of issue is denied (MOT SEQ 005). The plaintiffs oppose the motions. The NYU defendants' motion is denied. The CRSM defendants' and Lenox Hill defendants' motions are granted only to the extent that their deadline for moving for summary judgment is extended until May 19, 2026, and their motions are otherwise denied. On the court's own motion, the time for the NYU defendants to move for summary judgment is also extended until May 19, 2026.

A court may vacate a note of issue where it appears that a material fact set forth therein, i.e., the representation that discovery is complete, is incorrect (*see* 22 NYCRR 202.21[e]; *Riverside Ctr. Site 5 Owner, LLC v Lexington Ins. Co.,* 225 AD3d 574, 575 [1st Dept 2024]; *Gomes v Valentine Realty LLC*, 32 AD3d 699, 700 [1st Dept 2006]; *Herbert v Sivaco Wire Corp.*, 1 AD3d 144, 147 [1st Dept 2003]). Generally, "a note of issue should be vacated when it is based upon a certificate of readiness that contains erroneous facts" (*Cromer v Yellen*, 268

805353/2019 FULTON, JR., JAMES F vs. NYU LANGONE HOSPITALS
Motion No. 003 004 005

Page 2 of 6

[* 2]

AD2d 381, 381 [1st Dept 2000]).  In opposition to the several motions, the plaintiffs established that they actually responded to all of the outstanding discovery requests and directives set forth in this court's case management orders, including the NYU defendants' March 18, 2022 and October 4, 2022 demands for discovery and inspection, or that such documentation did not exist, except as to the request for time-stamped telephone records concerning conversations between the plaintiff James F. Fulton, Jr., and his wife, the plaintiff Kristin L. Fulton.  In connection with those records, the court concludes that the several defendants are not entitled to the contents of those conversations, since they are protected by spousal privilege (*see* CPLR 4502[b]*; Smartmatic USA Corp. v Fox Corp*., 227 AD3d 578, 578-579 [1st Dept 2024]; *Abe v New York Univ*., 139 AD3d 416, 416 [1st Dept 2016]).  The court thus discerns no basis for deeming the records themselves to be relevant, since, at most, they would only reveal the dates and times of any such conversations, which would be meaningless in the absence of information concerning the protected contents thereof.  Inasmuch as the plaintiffs timely objected, with particularity, to the demands for those records (*see generally* CPLR 3122[a][1]; *DiMaggio v Port Auth. of N.Y. & N.J*., 228 AD3d 426, 427 [1st Dept 2024]), they fully and properly responded thereto, these items thus do not remain outstanding, and there is no basis to vacate the note of issue because the plaintiffs have not produced these documents.

With respect to the contentions of several of the defendants that they wish to conduct nonparty depositions, the court notes that, in its most recent status conference order dated March 10, 2025, and in all prior compliance and status conference orders, the court ordered that "[a]bsent good cause shown, and discovery issues not raised herein will be deemed waived." Neither the March 10, 2025 status conference order, nor the numerous status conference orders that preceded it, set forth any provisions concerning the scheduling nonparty witness depositions and, hence, the movants have waived such discovery.  The court concludes that the moving defendants have failed to establish the good cause necessary to abrogated that directive.  Similarly, the NYU defendants, as well as the CRSM defendants and the Lenox Hill

**805353/2019   FULTON, JR., JAMES F vs. NYU LANGONE HOSPITALS**
**Motion No.  003 004 005**

Page 3 of 6

defendants, have waived their right to a deposition of their codefendant Radnet, Inc. (Radnet), since the March 10, 2025 status conference order only scheduled the continued deposition of Greta Piper, M.D., which was to have been conducted on April 1, 2025. The court notes that, additionally, no mention was made about the scheduling of Radnet's deposition in this court's July 1, 2024 status conference order, its December 15, 2023 status conference order, its April 24, 2023 status conference order, or its October 13, 2022 status conference order, even though the latter provided that the scheduling of depositions of institutional defendants was to be addressed in the next order, that is, in the April 24, 2023 order. If the NYU defendants or any of the other movants wished to take Radnet's deposition, they should have included a date for such a deposition in one of these many case management orders. Their failure to do so constitutes a waiver of that deposition.

In light of the fact that (a) the deadlines of the several defendants for making summary judgment motions subsequent to the filing of the note of issue (*see* CPLR 3212[a]) already had expired during the pendency of their motions which, had they been successful, would have restored the action to pre-note of issue status, and thereupon negated that deadline, and (b) the instant motion relates to a dispute over purportedly outstanding discovery, the defendants have shown good cause for extending that deadline here (*see Brill v City of New York*, 2 NY3d 648 [2004]; *Gonzalez v 98 Mag Leasing Corp*., 95 NY2d 124 [2000]; *Cooper v Hodge*, 13 AD3d 1111 [4th Dept 2004]). The court thus extends all of the defendants' deadlines for making summary judgment motions until May 19, 2026.

In light of the foregoing, it is,

ORDERED that the motion of the defendants NYU Langone Hospitals, NYU Langone Hospitals-Tisch Hospital, NYU School of Medicine, NYU Langone Radiology Associates, NYU Langone Diagnostics, LLC, Marissa L. Anderson, M.D., Miroslav Peev, M.D., Christie A. Lech, M.D., Ashley C. Miller, M.D., Joseph B. Levin, M.D., Sean M. Farquharson, M.D., Peter Patalano, M.D., Hersh Chandarana, M.D., Clayton Li, M.D., Simeng Wang, M.D., Katie L.

**805353/2019   FULTON, JR., JAMES F vs. NYU LANGONE HOSPITALS**
**Motion No.  003 004 005**

Page 4 of 6

4 of 6

Sherwood, P.A., Blake A. Holl, P.A., Meng N. Qian, P.A., Christopher J. Burke, P.A., Jennifer Kirschenbaum, R.N., and Guerdelyne Augustin, R.N., to vacate the note of issue (MOTION SEQUENCE 003) is denied; and it is further,

ORDERED that the motion of the defendants Marsha A. Harris, M.D., and Colon and Rectal Surgery of Manhattan, P.C., to vacate the note of issue, or, in the alternative, to extend their deadline for making a summary judgment motion (MOTION SEQUENCE 004) is granted to the extent that their time for making a summary judgment motion is extended until May 19, 2026, and their motion is otherwise denied; and it is further,

ORDERED that the motion of the defendants Karen B. Wagner, M.D., and Lenox Hill Radiology & Medical Imaging Associates, P.C., to vacate the note of issue, or, in the alternative, to extend their deadline for making a summary judgment motion (MOTION SEQUENCE 005) is granted to the extent that their time for making a summary judgment motion is extended until May 19, 2026, and their motion is otherwise denied; and it is further,

ORDERED that, on the court's own motion, the time within which the defendants NYU Langone Hospitals, NYU Langone Hospitals-Tisch Hospital, NYU School of Medicine, NYU Langone Radiology Associates, NYU Langone Diagnostics, LLC, Marissa L. Anderson, M.D., Miroslav Peev, M.D., Christie A. Lech, M.D., Ashley C. Miller, M.D., Joseph B. Levin, M.D., Sean M. Farquharson, M.D., Peter Patalano, M.D., Hersh Chandarana, M.D., Clayton Li, M.D., Simeng Wang, M.D., Katie L. Sherwood, P.A., Blake A. Holl, P.A., Meng N. Qian, P.A., Christopher J. Burke, P.A., Jennifer Kirschenbaum, R.N., and Guerdelyne Augustin, R.N., to move for summary judgment is extended until May 19, 2026.

**805353/2019   FULTON, JR., JAMES F vs. NYU LANGONE HOSPITALS**
**Motion No.  003 004 005**

**Page 5 of 6**

5 of 6

This constitutes the Decision and Order of the court.

| 3/18/2026 | JOHN J. KELLEY, J.S.C. |
| --- | --- |
| DATE | |

| MOTION 003: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |
| MOTION 004: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |
| MOTION 005: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**805353/2019   FULTON, JR., JAMES F vs. NYU LANGONE HOSPITALS**
**Motion No.  003 004 005**

[* 6]