OPINION OF THE COURT
Albert H. Buschmann, J.
Defendants move for an order pursuant to CPLR 3211 and/ or 3212 dismissing the above-titled action upon the grounds that it is barred by the Statute of Frauds. The complaint seeks *420 to compel the determination of a claim to real property known as 49-49 Fresh Meadow Lane, flushing, New York. The property is owned by defendants Fierro and Mauro as tenants in common.
On February 21, 1970, the plaintiff married defendant Josephine Fierro and subsequently adopted Donna Fierro and James Fierro. After the marriage, the plaintiff allegedly paid the carrying charges on the property and was promised an interest therein.
In 1978 defendant Josephine Fierro brought a divorce action in Florida in which plaintiff herein counterclaimed for equitable interest in the property. During the divorce proceedings, plaintiff’s attorney stated in open court that: "We are not going to pursue that portion of the counter-petition” concerning the property.
On October 24, 1978, plaintiff filed a notice of pendency in New York against the property and thereafter brought the instant proceeding. By a contract of sale dated, April 10, 1978, defendants Fierro and Mauro agreed to sell the property to defendant Siskos.
On December 19, 1978, defendants Mauro and Fierro moved for an order pursuant to CPLjR 3211 dismissing the action upon the grounds that the complaint failed to state a cause of action and that the cause of action may not be maintained by reason of res judicata. This court by decision dated March 5, 1979 denied that branch of the motion which sought to dismiss the complaint, stating | that article 15 of the Real Property Actions and Proceedings Law may be used to determine whether plaintiff has a valid actions claim to real estate and plaintiff as a contract vendor has an interest in real property pursuant to article 15. The court granted the branch of the motion which sought to cancel a notice of pendency on the condition that the proceeds of sale were to be deposited with the court or that the defendants give an undertaking in the amount equivalent to the sale price. The court also found that the Florida divorce decree did not bar plaintiff’s claim on the grounds of res judicata.
In the 9th paragraph of the complaint plaintiff alleges "in consideration of being the spouse and adopted father of the co-owners” of 50% of the fee holders he paid the real estate taxes, all the carrying charges, and made repairs at a cost and expense to him of $15,000. j
In the 10th paragraph of the! complaint, plaintiff states he *421 was promised and assured that a new deed would be prepared and executed transferring to him a share and interest in the title of said premises. Defendants by their answer dated April 12, 1979, denied the allegations contained in the 9th and 10th paragraphs of the complaint and raised the defense of the Statute of Frauds or section 5-703 of the General Obligations Law. On June 29, 1979 an examination before trial of the plaintiff was conducted, copy of which was submitted with the moving papers. On page 39 of the examination before trial, plaintiff was asked if defendant Vita Mauro ever promised to convey interest in the Flushing property. Plaintiff answered "no”. When asked if any of the children promised to convey an interest in the Flushing property to him, defendant answered "no” also. When asked if the defendant Josephine Fierro ever promised to give him an interest in the Flushing property in writing, defendant answered "yes”. When the question was repeated "in writing”, he answered "no”.
Plaintiff, in opposition to the present motion contends that considering the previous motion made by the defendants that the defendants are now barred from making the present motion seeking similar relief. Citing CPLR 3211 (subd [e]) which provides "a party may move on one or more of the grounds set forth in subdivision (a), and no more than one motion shall be permitted”. In addition, he contends that the prior decision of this court stands as the law of the case. In conclusion, he states the defendants are attempting to accomplish now what they were unsuccessful in accomplishing previously and are attempting to utilize the provisions of CPLR 3212 as well as CPLR 3211 in their attempt.
As stated in Weinstein-Korn-Miller (NY Civ Prac, vol 4, par 3212.04) the difference between CPLR 3211 and 3212 is one without any meaningful distinction. A CPLR 3212 motion may only be made after issue has been joined, i.e., after service of a responsible pleading, while a party may obtain summary judgment prior to the joinder of issue by moving to dismiss a cause of action or defense under CPLR 3211 (subd [a] or [b]) and, therefore, requesting the court to treat the motion as one for summary judgment.
Herein defendants’ original motion challenged plaintiffs complaint as to stating a cause of action. Defendants raised by their answer the defense of Statute of Frauds. The prior decision of the court did not rule the defense of Statute of Frauds in defendants’ answer, since the answer had not been *422 served. The court is aware that one may only bring one motion pursuant to CPLR 3211 (subd [e]), however, the court treats the present motion as a 3212 motion which defendants are free to bring anytime after joinder of issue. As Professor Siegel states in the Practice Commentary (McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:55, p 60) "The remedy of the would-be movant who has used up his 3211 motion is to plead the omitted objection in his answer and then move for summary judgment under CPLR 3212.” This is what the defendants have done in the present case. Many of the grounds upon which a CPLR 3211 motion could have been made before the answer was served, can be used as a basis for a motion for summary judgment afterwards. In the case at bar, where the objection is on the grounds of the Statute of Frauds and it is not raised by a CPLR 3211 motion, it may be preserved by being included as a defense in the answer. (See CPLR 3211, subd [e]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:43, p 47, C3211:44, p 48, C3211:45, p 49, 03212:20, p 439).
Having found that defendants’ motion is properly before the court pursuant to CPLR 3212, the next question facing the court is whether there were any triable issues before the court. The court realizes that summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue. (Moskowitz v Garlock, 23 AD2d 943.) Section 5-701 (subd a, par 10) of the General Obligations Law requires some note or memorandum in writing subscribed by the party to be charged in order to validate a conveyance of an interest in real property.
 Only full performance by both parties is sufficient to avoid the Statute of Frauds. (Burns v McCormick, 233 NY 230.) Even if the doctrine of part performance were to be considered to invoke an exception to the requirement of a writing, plaintiff has failed to make any such allegation. As a matter of fact, plaintiff’s objection to this motion is without merit except for a procedural argument. An affidavit submitted on a motion for summary judgment must be made by one with knowledge of the facts. An affidavit by an attorney having no knowledge of the facts has no probative value and will not defeat the motion. (South Bay Center v Butler, Herrick & Marshall, 43 Misc 2d 269; Di Sabato v Soffes, 9 AD2d 297; also, see Rubin v Rubin, 72 AD2d 536.) For the above reasons defendants’ motion for summary judgment is *423 granted and the County Clerk is directed to remit the sum of money deposited by the defendant Josephine Fierro pursuant to an order of this court dated March 27, 1979.