■ In the Matter of the Estate of ANTHONY LiMANDRI, Deceased. GENA LiMANDRI, Respondent; FLORENCE BRENT et al., Appellants.—In a probate proceeding, the appeal is from an order of the Surrogate's Court, Kings County (Bloom, S.), dated September 19, 1989, which granted the petitioner's motion to vacate an ex parte order of the same court, dated June 26, 1989, withdrawing the probate petition, and directed the petitioner to take all necessary steps to probate the will.

Ordered that the order is affirmed, with costs payable by the appellants personally.

The appellants argue that the court's order which vacated its previous order granting leave to withdraw the probate petition and which reinstated the probate petition was invalid because the petitioner did not offer any grounds or reasons for the vacatur. We disagree.

CPLR 2214 (a) provides that "[a] notice of motion shall specify * * * the relief demanded and the grounds therefor". At bar, the petitioner alleged the grounds upon which the motion was based in the supporting affirmation and not in the notice of motion. Since the appellants failed to demonstrate that they were prejudiced, the petitioner's failure to state the ground in the notice of motion should be disregarded as a technical deficiency in the interests of justice and expediency *(see, Pace v Perk,* 81 AD2d 444; 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2214.01; CPLR 2001).

The appellants' contention that there is no legal or statutory authority for the petitioner to move to vacate an ex parte order which she had requested is without merit. The motion is proper under CPLR 2221.

We find the appellants' remaining contentions to be without merit. Lawrence, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.