■ ALFREDO L. DEL CASTILLO, Plaintiff, and ALFREDO LOPEZ DEL CASTILLO, M.D., P. C., Respondent, v BAYLEY SETON HOSPITAL, Appellant. [649 NYS2d 41] —In an action to recover damages for breach of contract, the defendant Bayley Seton Hospital appeals from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated October 5, 1995, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In 1984, the plaintiff Alfredo Lopez Del Castillo, M.D., P. C. (hereinafter the corporation), entered into a contract with the defendant Bayley Seton Hospital (hereinafter the hospital), to provide anesthesiology services as an independent contractor at the hospital for a period of five years. Paragraph THIRTIETH of the contract provided: "The Hospital warrants and represents that it will give the Corporation a first opportunity to negotiate a renewal or modification of the within agreement, or a new agreement on or before March 1, 1989. The parties, their legal representatives and financial representatives will confer and negotiate in good faith as to a renewal, modification or new contract by and between the parties for the services to be rendered by the Corporation to the Hospital."

In 1986, the parties amended the agreement by extending the term until July 1990. On April 24, 1990, the hospital informed the corporation that it had decided not to renew the contract.

The corporation and Alfredo Lopez Del Castillo, individually, commenced an action, *inter alia,* for damages for breach of contract against the hospital alleging, among other things, that the hospital failed to give it a first opportunity to negotiate a renewal or modification of the contract pursuant to paragraph THIRTIETH. The plaintiffs moved for a preliminary injunction and the hospital cross moved to dismiss the plaintiffs' complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The Supreme Court, Richmond County, granted the plaintiffs' motion and denied the cross motion. This Court modified, *inter alia,* by granting the branch of the cross motion which was to dismiss the complaint insofar as asserted on behalf of Alfredo Lopez Del Castillo individually, dismissing the second and third causes of action entirely, and denying the plaintiffs' motion for a preliminary injunction *(see, Del Castillo v Bayley Seton Hosp.,* 172 AD2d 796). Thereafter, the hospital moved for summary judgment on the first cause of action contending, among other things, that the renewal provision of the contract was unenforceably vague. The Supreme Court denied the motion. We reverse.

The Supreme Court erred in concluding that the doctrine of the law of the case precluded granting the hospital's motion for summary judgment. It is well settled that the denial of a prior motion to dismiss a complaint for failure to state a cause of action does not preclude a subsequent motion for summary judgment *(see, Pappas v Harrow Stores,* 140 AD2d 501, 503;

*Perritano v Perone,* 130 AD2d 472, 473; *Scott v Transkrit Corp.,* 91 AD2d 682, 683; *Fink v Horn Constr. Co.,* 58 AD2d 574, 575). The law of the case doctrine is inapplicable in such a situation because a motion to dismiss under CPLR 3211 (a) (7) for failure to state a cause of action, which addresses merely the sufficiency of the pleadings, is distinct from a motion for summary judgment pursuant to CPLR 3212, which searches the record and looks to the sufficiency of the underlying evidence *(see, Tenzer, Greenblatt, Fallon & Kaplan v Capri Jewelry,* 128 AD2d 467, 469). Since the issue raised by the instant motion was never raised on any prior application revealed in the record, nor decided by this Court, the motion was not barred by the law of the case *(see, Teller v Bill Hayes, Ltd.,* 213 AD2d 141, 143-144).

On the merits, paragraph THIRTIETH of the contract at issue is insufficiently definite to be enforceable by the imposition of damages *(see, McGee & Gelman v Park View Equities,* 187 AD2d 1012, 1013). Where, as here, the provisions of a contract are not sufficiently certain and specific so that what was promised can be ascertained, the power of law cannot be invoked to enforce a promise *(see, Martin Delicatessen v Schumacher,* 52 NY2d 105, 109). The obligations of the parties in connection with the contractual provision which gave the corporation the "first opportunity to negotiate a renewal or modification" are not enumerated in the contract. The parties did not commit themselves to a renewal or modification of the contract; they only agreed to negotiate. Thus, as is the case with "agreements to agree" where a material term is left open, the promise is unenforceable for it fails to show that the parties assented to the same obligation *(see, Candid Prods. v International Skating Union,* 530 F Supp 1330).

The corporation's remaining contentions are without merit. Mangano, P. J., Rosenblatt, Pizzuto and Hart, JJ., concur.