■ SHELLEY KIDD et al., Respondents, v DELTA FUNDING CORPORATION et al., Appellants. [751 NYS2d 267] —In a class action to recover damages for allegedly illegal processing fees charged on the plaintiffs' mortgage loan applications, the defendants appeal from an order of the Supreme Court, Nassau County (Joseph, J.), dated October 31, 2001, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

After receiving a complaint about the lending practices of the defendant Delta Funding Corporation, a mortgage lender controlled by the defendants Sidney Miller and Hugh Miller, the New York State Banking Department (hereinafter the Banking Department) investigated and discovered that the defendants were charging their customers illegal processing fees on mortgage applications. In June 1996 the defendants and the Banking Department entered into a settlement agreement whereby the defendants acknowledged that separate processing fees may not be charged, and agreed to unconditionally refund all processing fees upon the request of the customer or the Banking Department within six months of the date the agreement was signed. The plaintiffs, prior customers of the defendants who were charged processing fees on their mortgage applications, commenced this action alleging that they were never informed of the illegality of the processing fees, the existence and terms of the settlement agreement, or the opportunity to collect refunds. They asserted claims of fraud, unjust enrichment, and a violation of General Business Law § 349.

The denial of the defendants' prior motion to dismiss was not the law of the case with regard to their subsequent motion for summary judgment. A motion to dismiss, which addresses merely the sufficiency of the pleadings, is distinct from a motion for summary judgment, which searches the record and looks to the sufficiency of the underlying evidence (*see Del Castillo v Bayley Seton Hosp.,* 232 AD2d 602; *State of New York v Barclays Bank of N.Y.,* 151 AD2d 19, *affd* 76 NY2d 533).

In any event, the defendants' motion for summary judgment was properly denied. The defendants failed to meet their burden of demonstrating entitlement to judgment as a matter of law on the plaintiffs' cause of action pursuant to General Business Law § 349 (*see Alvarez v Prospect Hosp.,* 68 NY2d 320). The defendants failed to prove that their act of charging illegal processing fees to over 20,000 customers, and their failure to notify the plaintiffs of the existence and terms of the settlement agreement, were not materially deceptive or misleading (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20). The defendants also failed to establish entitlement to judgment as a matter of law on the plaintiffs' unjust enrichment cause of action (*see Blum v Guardian Life Ins. Co. of Am.,* 283 AD2d 533).

Moreover, issues of fact exist with regard to the interpretation and application of the settlement agreement, thereby precluding summary judgment on the plaintiffs' fraud cause of action. It is well settled that an agreement will not be construed in a manner that would render a contractual provision meaningless or without force or effect (*see Ronnen v Ajax Elec. Motor Corp.,* 88 NY2d 582; *Two Guys From Harrison-N.Y. v S.F.R. Realty Assoc.,* 63 NY2d 396). Here, if the settlement agreement were to be interpreted as the defendants suggest, that the defendants had no duty to notify the plaintiffs of their opportunity to obtain a refund, the provision in the agreement granting the plaintiffs the opportunity to secure a refund would be meaningless, as they had no way of knowing about or obtaining the refund unless the defendants informed them of the agreement.

The defendants' remaining contentions are without merit. Feuerstein, J.P., Smith, Goldstein and Luciano, JJ., concur.