■ MARIE THOMPSON et al., Appellants, v LAMPRECHT TRANSPORT et al., Respondents. [834 NYS2d 312]—

In an action, inter alia, to recover damages for discrimination based on sex in violation of Executive Law § 296, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), entered December 8, 2005, as granted the defendants' motion for summary judgment dismissing complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Marie Thompson (hereinafter Thompson) and her husband, derivatively, commenced this action to recover damages, inter alia, for various forms of employment discrimination. Thompson alleged, among other things, that she was subjected to a hostile work environment while she was employed as a licensed customs broker in the New York office of the subsidiary of an international transportation company based in Switzerland. In particular, Thompson claimed that one of her male coworkers repeatedly referred to the women in the office as "soup chickens" and "peasants," and he intentionally punched her in the left breast during an argument in July 2000. According to Thompson, she complained to her supervisors but they did not adequately investigate the incident or take any remedial action against the male coworker, who was subsequently promoted to the position of manager of the Miami office.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing each cause of action. Contrary to the plaintiffs' contention, the court's denial of that branch of the defendants' initial motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint, which was addressed to the sufficiency of the pleadings, did not establish the law of the case for the purpose of their subsequent motion pursuant to CPLR 3212 for summary judgment, which was addressed to the sufficiency of the evidence (*see Tenzer, Greenblatt, Fallon & Kaplan v Capri Jewelry,* 128 AD2d 467, 469 [1987]; *M. Dietrich, Inc. v Bentwood Tel. Corp.,* 56 AD2d 753, 754 [1977]).

Moreover, the plaintiffs have confused their ultimate burden of proving employment discrimination under the burden-shifting formula set forth in the seminal case of *McDonnell Douglas Corp. v Green* (411 US 792 [1973]), with the showing needed to withstand a summary judgment motion (*see Ferrante v American Lung Assn.,* 90 NY2d 623, 630 [1997]).

Summary judgment is appropriate where, as here, the defendants demonstrated that the plaintiffs will not be able to establish a prima facie case of intentional discrimination (*see Forrest v Jewish Guild for the Blind,* 3 NY3d 295, 305 [2004]). Thompson's sexual harassment claim based on a hostile work environment must fail as a matter of law because there is no evidence that her coworker's isolated remarks and offensive conduct were so severe or pervasive as to permeate the workplace and alter the conditions of her employment (*see Harris v Forklift Systems, Inc.,* 510 US 17, 21 [1993]; *Matter of Macksel v Riverhead Cent. School Dist.,* 2 AD3d 731, 731-732

[2003]; *Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d 44, 51 [1996]).

Similarly, Thompson's claim of constructive discharge is not supported by any evidence that the defendants deliberately made her working conditions so intolerable that a reasonable person in her position would feel compelled to resign (*see Mountleigh v City of New York*, 191 AD2d 291, 292 [1993]). Likewise, there is no evidence that the defendants retaliated against her for opposing their discriminatory practices or that they took any adverse employment action such as demoting her or reducing her salary or benefits (*see Forrest v Jewish Guild for the Blind, supra* at 306; *Todzia v Saint Vincent Catholic Med. Ctrs.*, 6 AD3d 523, 524 [2004]).

Finally, even if the defendants had refused to promote Thompson, they rebutted the presumption of discrimination by providing legitimate business reasons for their employment decision. In response, Thompson failed to raise an issue of material fact which would lead to the conclusion that the proffered reasons were a pretext for discrimination (*see Forrest v Jewish Guild for the Blind, supra* at 308). Crane, J.P., Krausman, Goldstein and Dillon, JJ., concur.