■ RICHARD ALBANESE et al., Appellants, v VILLAGE OF FREE-PORT et al., Respondents. [860 NYS2d 579]—In an action to recover damages based on assault and battery and a deprivation of civil rights pursuant to 42 USC § 1983, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated October 10, 2007, as denied that branch of their motion which was for an in camera review of the personnel records of the defendant Michael Flood pursuant to Civil Rights Law § 50-a.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs served a notice for discovery and inspection dated April 27, 2007, seeking the production of "[a]ll records of Michael Flood's employment by the Village of Freeport, including his personal, disciplinary and any other file consisting [of] documents concerning his employment." In their response dated May 16, 2007, the defendants objected to this demand, citing Civil Rights Law § 50-a. The plaintiffs thereafter moved for an order "pursuant to 50-a of the Civil Rights Law requiring the Defendants' [*sic*] to produce Defendant MICHAEL FLOOD's personnel file for an in camera review as provided for in said statute," which motion was denied in its entirety by the Supreme Court.

For the first time on appeal, the plaintiffs argue that the federal rule of disclosure should govern, and that under this rule, they are entitled, at the very least, to have the Supreme Court conduct an in camera inspection of these documents, if not outright disclosure of the documents in question without

the filter of an in camera review. This argument was never raised before the Supreme Court as a ground for the disclosure sought. Since this contention has been raised for the first time on appeal, it is not properly before this Court (*see Lawler v City of Yonkers,* 45 AD3d 813, 813-814 [2007]; *Pile v Grant,* 41 AD3d 810, 811 [2007]). Spolzino, J.P., Carni, Dickerson and Eng, JJ., concur.