■ MAMDOUH R. MOBARAK, Respondent, v MOHAMED MOWAD et al., Appellants, et al., Defendant. [865 NYS2d 344]—

In a shareholder's derivative action, inter alia, to recover damages for breach of fiduciary duty, fraud, unjust enrichment, and breach of contract, the defendants Mohamed Mowad, Sandy Check, Michael Hatzidakis, Joseph Rozen, Arnon Sadok, Ahmed Moharrem, Chi Yuen Lo, Khaled Maher, and Regal Insurance Brokerage, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Silverman, J.), dated July 18, 2007, as denied that branch of their motion which was for a protective order and granted that branch of the plaintiff's cross motion which was to compel them to comply with his discovery demands.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court incorrectly concluded that because it had denied an earlier motion to dismiss the complaint, the doctrine of the law of the case precluded granting that branch of the ap-' pellants' motion which was for a protective order (*see Thompson v Lamprecht Transp.*, 39 AD3d 846, 847 [2007]; *Kidd v Delta Funding Corp.*, 299 AD2d 457 [2002]; *Kaplan v Queens Optometric Assoc.*, 293 AD2d 449 [2002]; *Del Castillo v Bayley Seton Hosp.*, 232 AD2d 602, 603-604 [1996]). Nevertheless, on the merits, the denial of that branch of the appellants' motion which was for a protective order and the grant of that branch of the plaintiff's cross motion which was to compel the appellants to comply with his discovery demands was a provident exercise of discretion (*see Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007]).

We do not reach the appellants' contention concerning that branch of their motion which was to compel the plaintiff to respond to their discovery demands. That branch of the motion was not addressed by the Supreme Court in the order appealed from and remains pending and undecided (*see Magriples v Tekelch*, 53 AD3d 532 [2008]; *Moncrief v DiChiaro*, 52 AD3d 789, 790 [2008]; *Katz v Katz*, 68 AD2d 536, 543 [1979]).

The appellants' remaining contention is not properly before us as it is raised for the first time on appeal (*see Albanese v Village of Freeport*, 52 AD3d 550, 551 [2008]). Lifson, J.P., Ritter, Miller and Balkin, JJ., concur.