The plaintiff commenced the instant action by the filing of a summons and complaint on December 28, 2004. By notice of motion dated February 15, 2005, the defendant moved for an order, inter alia, “pursuant to CPLR 3211 and 3212 dismissing the complaint upon the ground that there is documentary evidence which precludes plaintiffs complaint.” In an order dated June 15, 2005, the Supreme Court denied that branch of the *1101 defendant’s motion which was to dismiss the complaint pursuant to CPLR 3211, without addressing that branch of the motion which was for summary judgment. Following discovery, the defendant, by notice of motion dated June 9, 2011, moved for an order “pursuant to CPLR Rule 3211 (a) (1) through (7) and 3212 dismissing the action.” The Supreme Court granted that branch of the defendant’s motion which was pursuant to CPLR 3212 for summary judgment dismissing the complaint.
The plaintiffs sole argument on appeal is that the Supreme Court should have denied the defendant’s motion as either an untimely motion for leave to reargue, or an improper successive motion for summary judgment. However, since the defendant’s 2005 motion was made prior to the service of an answer, and the 2011 motion was made following the completion of discovery, the record supports the Supreme Court’s determination that the 2005 motion was not properly characterized as one for summary judgment, and that, accordingly, the 2011 motion did not violate the rule against successive motions for summary judgment (see Sutter v Wakefern Food Corp., 69 AD3d 844, 845 [2010]; see also Kimber Mfg., Inc. v Hanzus, 56 AD3d 615, 616 [2008]; Williams v City of White Plains, 6 AD3d 609 [2004]). For similar reasons, the defendant’s 2011 motion was not an untimely motion for leave to reargue. Mastro, J.P., Rivera, Chambers and Lott, JJ., concur.