Barzilay v Hairline Ink, LLC (2025 NY Slip Op 50569(U))

[*1]

Barzilay v Hairline Ink, LLC

2025 NY Slip Op 50569(U)

Decided on April 17, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 17, 2025
Supreme Court, Kings County

Orian Barzilay, Plaintiff,

against
Hairline Ink, LLC, Defendant.

Index No. 522938/2018

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Nos. 5-22, 165-172, 181.
Upon the foregoing papers, having heard oral argument, and due deliberation having been had, the within motion is determined as hereinafter set forth.
 I. Background
(a) Nature of Action
This is an action commenced by Plaintiff Orian Barzilay ("Plaintiff") against Defendant Hairline Ink, LLC ("Defendant"), for whom he had worked. Defendant operated a business which offered hair loss solutions. One such solution was a process called scalp micropigmentation, which involves injecting pigment into the scalp. It creates the appearance of a full head of hair. Plaintiff worked for Defendant at a location in Manhattan as a scalp micropigmentation practitioner since September 2016.
At Defendant's behest, Plaintiff went to Chicago in September 2017 to touch up the scalp of one of Defendant's scalp micropigmentation practitioners who operated out of Defendant's Chicago office. While there, Plaintiff was to receive his own touch-up. Plaintiff alleges that the touch-up performed on him was improperly performed and also that his employment by Defendant was terminated in December 2017.
Plaintiff's complaint alleged causes of action sounding in negligence (through improper technique, use of the wrong needle, and use of the wrong ink), lost wages, and wrongful termination.
(b) Relevant Prior Motion
Defendant moved pre-answer, on January 30, 2019, to dismiss the entire complaint pursuant to CPLR 3211 (see Motion Sequence No. 1). Insofar as is here relevant, the fifth cause of action alleging wrongful termination, was sought to be dismissed on the following grounds, as set forth in the affirmation of Defendant's counsel:
17. Plaintiff's fifth cause of action is for wrongful termination. Plaintiff claims that he started his employment with Hairline on or about September 22, 2016. Id. at ¶ 14. Plaintiff next asserts the bare allegation that on or about December 25, 2017, Plaintiff's employment was terminated by Hairline. Id. at ¶ 58. Plaintiff does not allege that he was more than an at-will employee at the time of his termination in December 2017. Plaintiff does not reference any employment agreement or other express agreement in his Complaint defining the nature of his employment. As such, Plaintiff cannot sustain this cause of action as a matter of law. (NYSCEF Doc No. 6 ¶ 17.)
In opposing Defendant's CPLR 3211 motion back in 2019, with respect to the wrongful termination cause of action, Plaintiff's counsel argued as follows:
11. Defendant misreads the complaint to erroneously conclude that Plaintiff has not stated a claim for wrongful termination. Defendant argues that "Plaintiff does not reference any employment agreement defining the nature of his employment" and from this they somehow make the unfavorable inference that "Plaintiff does not allege that he was more than an at-will employee at the time of his termination in December of 2017" (See Rebar Aff. ¶ 17, see also, Def. Memo., p. 4). For the record, Plaintiff did not allege in the complaint that he was an at-will employee.
12. Plaintiff alleged that: he was employed by Hairline Ink (Comp. ¶¶ 14-17), that his "employment was terminated" (Id., ¶¶ 58-59), and that the termination was wrongful (Id., ¶¶ 58-59). Giving the Plaintiff the benefit of every possible favorable inference, it must be inferred from the pleadings that Plaintiff did have an employment agreement at the time he was terminated and therefore; this part of Defendant's motion should fail.
13. Further, to the extent that the Complaint may be deficient, Plaintiff supplements the complaint and makes clear in his affidavit that "[he]had an employment agreement at the time [he] was terminated and was not an at-will employee" (See Barzilay Aff. ¶14). Again taking Plaintiffs affidavit into account, Plaintiff has sufficiently plead a cause of action for wrongful termination, and we respectfully request the Court deny Defendant's dismissal of this claim. (NYSCEF Doc No. 12 ¶¶ 11-13.)
In reply, Defendant's counsel asserted that Plaintiff's insistence that he had an employment agreement when terminated was not supported with a copy of it. As provided by Defendant's CEO, Plaintiff's employment agreement extended through June 1, 2017. Plaintiff's employment being for an indefinite term past June 1, 2017, he was merely an at-will employee and subject to being terminated. The employment agreement between Plaintiff and Defendant, and the amendment, documents submitted in reply, were dispositive, maintained Defendant's counsel, who also included an affidavit from Bradley Lewis, Defendant's CEO. (See NYSCEF Doc Nos. 14 ¶¶ 7-11; 15; 16.)
In a sur-reply, Plaintiff's counsel claimed that an employment agreement was in existence when Plaintiff was terminated. In fact, Defendant's former counsel referenced it in a letter discussing a proposed separation and release agreement. Plaintiff's counsel also argued that Illinois law applied to the effect that when employment continues past the term of an agreement [*2]for a substantial period of time, it is presumed that the original contract terms continue in force. (See NYSCEF Doc No. 17 ¶¶ 16-22.)
On December 13, 2019, Hon. Justice Kathy J. King issued an order that, insofar as is relevant here, denied dismissal of the wrongful termination cause of action: "Plaintiff's complaint along with the plaintiff's affidavit sets forth sufficient allegations to establish causes of action sounding in wrongful termination contrary to the defendant's contentions. Therefore, defendant's motion to dismiss the fifth cause of action is denied." (NYSCEF Doc No. 22 at 2.)
(c) Current Motion
Defendant now moves in Motion Sequence No. 10, "Pursuant to CPLR § 3211(a)(7) dismissing Plaintiff's Fifth Cause of Action for failing to state a cause of action for which relief can be granted as Plaintiff cannot maintain a wrongful termination claim as an at will employee" (NYSCEF Doc No. 165 at 1).
Defendant's arguments are set forth in substance in its memorandum of law, which appears in the record as NYSCEF Document No. 167. Defendant claims that by submitting the employment agreement (commencing September 21, 2016 for up to six months) and an amendment (extending employment through June 1, 2017) in response to discovery demands for contracts and agreements, Plaintiff reverted to an at-will status after the stated period of employment expired (see NYSCEF Doc No. 170 at PDF 3 ["Attached find a copy of the executed Employment Agreement and a copy of the executed Amendment to the Employment Agreement."]). Defendant cites to extensive New York case law for the proposition that absent agreement establishing fixed duration of employment, an employment relationship is presumed to be hiring at will, terminable at any time by either party subject to constraints not applicable here (presumably referring to anti-discrimination laws).
Plaintiff argues in opposition, per counsel's affirmation (see NYSCEF Doc No. 181), that Justice King's order constitutes law of the case: Defendant previously sought an order dismissing the fifth cause of action sounding in wrongful termination and Justice King denied this requested relief. The same arguments are now being made, claimed Plaintiff. "Under the guise of a motion for summary judgment the Defendant essentially seeks to renew and/or reargue that motion. Of note, defendant never previously sought to renew or reargue, and offers no basis for doing so some 5 years after being denied the same relief. Furthermore, at no time has the defendant filed leave to appeal that decision." (NYSCEF Doc No. 181 ¶ 3.) Both the within motion and the prior one were "nothing more than a motion seeking summary judgment on the Fifth Cause of Action" (id. ¶ 5), and serial motions are disfavored, maintains Plaintiff.

II. Discussion
(a) Law Concerning CPLR 3211 & 3212, Successive Motions, and Law of the Case
To determine this motion, one needs to review certain principles of motion practice and apply them in the context of the proceedings in this litigation.
A motion for judgment dismissing one or more causes of action in a complaint may be made on the ground that "the pleading fails to state a cause of action" (CPLR 3211 [a] [7]). A motion to this effect may be made prior to service of the answer only once and also "may be made at any subsequent time or in a later pleading" (id. 3211 [e]). "Any party may move for summary judgment in any action, after issue has been joined" (id. 3212 [a]).
Concerning repeat summary judgment motions, it was recently stated:
"Generally, successive motions for summary judgment should not be entertained, absent a showing of newly discovered evidence or other sufficient cause" (Sutter v Wakefern Food Corp., 69 AD3d 844, 845 [2010]; see GLND 1945, LLC v Ballard, 209 AD3d 993 [2022]; Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d 474, 475 [2019]; Vinar v Litman, 110 AD3d 867, 868 [2013]; Coccia v Liotti, 101 AD3d 664, 666 [2012]; Powell v Trans-Auto Sys., 32 AD2d 650 [1969]). Evidence is not "newly discovered" simply because it was not submitted on the previous motion (Sutter v Wakefern Food Corp., 69 AD3d at 845). "Rather, the evidence that was not submitted in support of the previous summary judgment motion must be used to establish facts that were not available to the party at the time it made its initial motion for summary judgment and which could not have been established through alternative evidentiary means" (Vinar v Litman, 110 AD3d at 868-869; see Pavlovich v Zimmet, 50 AD3d 1364, 1365 [2008]; Capuano v Platzner Intl. Group, 5 AD3d 620, 621 [2004]). "[S]uccessive motions for summary judgment should not be made based upon facts or arguments which could have been submitted on the original motion for summary judgment" (Capuano v Platzner Intl. Group, 5 AD3d at 621; see Vinar v Litman, 110 AD3d at 869; Harding v Buchele, 59 AD2d 754, 755 [1977]). (313 43rd St. Realty, LLC v TMS Enters., LP, 215 AD3d 901, 903-904 [2d Dept 2023].)
"As stated in Weinstein-Korn-Miller, N.Y.Civ.Prac., s 3212.04 the difference between Rule 3211 and 3212 is one without any meaningful distinction. A 3212 motion may only be made after issue has been joined i.e., after service of a responsible pleading, while a party may obtain summary judgment prior to the joinder of issue by moving to dismiss a cause of action or defense under subdivisions (a) or (b) or CPLR 3211 and, therefore, requesting the court to treat the motion as one for summary judgment." (Fierro v Mauro, 104 Misc 2d 419, 421 [Sup Ct, Queens County 1980].)
"Motions under both CPLR 3211 and 3212 can be dispositive. CPLR 3211 grounds are confined to those set forth in the statute at subdivision (a)(1) though (a)(12). Summary judgment grounds are unlimited, open to any factual or legal argument that proves or defeats a cause of action or a defense. [¶] Summary judgment motions under CPLR 3212 may be made on grounds that duplicate the dismissal grounds delineated in CPLR 3211(a)." (Mark C. Dillon, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C3212:35 [2021].)[FN1]

When a party moves pursuant to CPLR 3211 (a) (7) to dismiss an action, the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action (see Sokol v Leader, 74 AD3d 1180, 1180-1181 [2010]). In deciding the motion, [*3]the court must accept the facts as alleged by the plaintiff as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). To oppose a CPLR 3211 motion for dismissal based on the sufficiency of the complaint, the plaintiff may supplement it with affidavits to remedy any defects in the complaint (see Benjamin v Yeroushalmi, 212 AD3d 758 [2d Dept 2023]; Houtenbos v Fordune Assn., Inc., 200 AD3d 662 [2d Dept 2021]).
When moving for dismissal pursuant to CPLR 3211 (a) (1), the motion will only be granted if the party submits documentary evidence that utterly refutes the plaintiff's factual allegations and conclusively establishes a defense as a matter of law (see Meyer v New York-Presbyterian Hosp. Queens, 167 AD3d 996, 997 [2018]).
While a defendant is permitted to submit evidentiary material in support of a motion to dismiss pursuant to CPLR 3211 (a) (7), "[i]f the court considers evidentiary material, the criterion then becomes 'whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one' " (Sokol v Leader, 74 AD3d at 1181-1182, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). "[A]ffidavits submitted by a defendant 'will almost never warrant dismissal under CPLR 3211 unless they "establish conclusively that [the plaintiff] has no cause of action" ' " (Sokol v Leader, 74 AD3d at 1182, quoting Lawrence v Graubard Miller, 11 NY3d 588, 595 [2008]). "Indeed, a motion to dismiss pursuant to CPLR 3211 (a) (7) must be denied 'unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it' " (Sokol v Leader, 74 AD3d at 1182, quoting Guggenheimer v Ginzburg, 43 NY2d at 275).
In a 1987 decision, where the Court of Appeals considered whether a CPLR 3211 motion supported by affidavits may lead to dismissal of the complaint where the court does not treat the motion as one for summary judgment, the Court stated:
CPLR 3211 allows plaintiff to submit affidavits, but it does not oblige him to do so on penalty of dismissal, as is the case under CPLR 3212 when defendant has made an evidentiary showing that refutes the pleaded cause of action. If plaintiff chooses to stand on his pleading alone, confident that its allegations are sufficient to state all the necessary elements of a cognizable cause of action, he is at liberty to do so and, unless the motion to dismiss is converted by the court to a motion for summary judgment, he will not be penalized because he has not made an evidentiary showing in support of his complaint. As amended in 1973, CPLR 3211 (subd [c]) explicitly requires that if the court decides to treat a CPLR 3211 (subd [a]) motion as one for summary judgment, it must first provide adequate notice to the parties, and thus give them an opportunity to make an appropriate record (see Nineteenth Ann Report of NY Judicial Conference, 1974, pp 62-63; see, also, Mareno v Kibbe, 
 32 AD2d 825)[FN2]
. (Rovello v Orofino Realty Co., 40 NY2d 633, 635 [1976].)
CPLR 2214 (a) provides that the grounds of a motion be set forth in the notice of motion.
"A notice of motion shall specify the time and place of the hearing on the motion, the supporting papers upon which the motion is based, the relief demanded and the grounds therefor" (CPLR 2214 [a]), but "there is no requirement that the notice of motion list the statute or regulation that is the basis of the . . . motion as long as some grounds are mentioned" (Shields v Carbone, 99 AD3d 1100, 1102 [2012]). In practice, "[t]he notice of motion specifies the time and place of the hearing as well as the relief requested while the affidavits, affirmations, and memorandum of law state the grounds for the relief" (David D. Siegel & Patrick M. Connors, NY Prac § 246 at 471 [6th ed 2018]). Where "there is no misunderstanding or prejudice, a court may grant relief that is warranted by the facts plainly appearing on the [motion] papers on both sides" (Matter of Blauman-Spindler v Blauman, 68 AD3d 1105, 1106 [2009] [internal quotation marks and citation omitted]). (Rosenheck v Schachter, 194 AD3d 1144, 1145-1146 [2d Dept 2021].)
Thus there exists a concept in New York practice that while a notice of motion may set forth a particular statute for the motion grounds or may lack one, the motion should be treated as per the actual statutory grounds underpinning the motion, as long as they are conveyed. An example is provided in Matter of Blauman-Spindler v Blauman, quoted from in Rosenheck v Schachter. The Court stated:
Even though the mother's notice of motion and supporting affirmation did not formally and specifically request relief pursuant to CPLR 3126, where, as here, there is no misunderstanding or prejudice, "a court may grant relief that is warranted by the facts plainly appearing on the papers on both sides" (Frankel v Stavsky, 40 AD3d 918, 918-919 [2007]; see HCE Assoc. v 3000 Watermill Lane Realty Corp., 173 AD2d 774 [1991]; Pace v Perk, 81 AD2d 444, 456 [1981]). Here, the mother's notice of motion clearly seeks the relief of preclusion based upon the father's alleged willful failure to respond to her discovery demands. Accordingly, because the father was adequately apprised of the relief sought and the grounds therefor, there was no prejudice, and the Support Magistrate did not err in treating the motion as one made pursuant to CPLR 3126. (Matter of Blauman-Spindler v Blauman, 68 AD3d at 1106.)
In other words, the reality of the nature of the motion counts — not necessarily what it purports to be — as long as the motion "sufficiently specif[ies] the relief sought, against whom it [is] sought, and the grounds therefor" (Abizadeh v Abizadeh, 159 AD3d 856 [2d Dept 2018] [court not required to comb through litigant's papers to find information required to be set forth in notice of motion]; see Matter of LiMandri, 171 AD2d 747 [2d Dept 1991]). The party who is the object of the motion must be identified (see Onofre v 243 Riverside Drive Corp., 232 AD3d 443 [2d Dept 2024] [notice of motion purporting to seek relief against plaintiff not deemed to refer to third-party defendant]).
Even if a notice of motion fails to explicitly set forth the relief requested, "[t]the court may grant relief that is warranted pursuant to a general prayer contained in the notice of motion, 'if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party' " (Shaw v RPA Assoc., LLC, 75 AD3d 634, 635-636 [2d Dept 2010], quoting Frankel v Stavsky, 40 AD3d 918, 918-919 [2d Dept 2007]).
The failure to cite specifically to CPLR 3211 is not necessarily fatal:
As an initial matter, we reject petitioners' assertion that respondents' motions were defective because respondents failed to specifically cite to CPLR 3211. The notices of motion and supporting papers indicated that respondents intended to dismiss the petition [*4]on the basis that it was barred by the applicable statute of limitations. In opposition to the motions, petitioners responded to this argument and contended that the proceeding was timely commenced. Given that there was no misunderstanding as to respondents' ground for seeking dismissal of the petition, nor did petitioners suffer any prejudice by any failure by respondents to cite to CPLR 3211, the motions to dismiss were not fatally defective. (Beer v Village of New Paltz, 163 AD3d 713 [3d Dept 2018], citing Matter of Blauman-Spindler v Blauman, 68 AD3d 1105).
This Court discerns from this that the failure to reference CPLR 3212 is not necessarily fatal where it is clear that summary judgment is being sought.
Concerning the law of the case doctrine, it has been stated:
"The doctrine of the 'law of the case' is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned" (Martin v City of Cohoes, 37 NY2d 162, 165 [1975]). The doctrine "applies only to legal determinations that were necessarily resolved on the merits in [a] prior decision" (Baldasano v Bank of NY, 199 AD2d 184, 185 [1993]; see Gay v Farella, 5 AD3d 540, 541 [2004]; Gilligan v Reers, 255 AD2d 486, 487 [1998]), "and to the same questions presented in the same case" (RPG Consulting, Inc. v Zormati, 82 AD3d 739, 740 [2011], citing People v Evans, 94 NY2d 499, 502 [2000]). (Erickson v Cross Ready Mix, Inc., 98 AD3d 717 [2d Dept 2021]; see Wolf Props., Assoc., L.P. v Castle Restoration, LLC, 174 AD3d 838 [2d Dept 2019]; Strujan v Glencord Bldg. Corp., 137 AD3d 1252 [2d Dept 2016].)
More particularly, in the setting of the denial of a CPLR 3211 motion to dismiss a complaint on the asserted ground of failing to state a cause of action and a subsequent summary judgment motion seeking dismissal also for failing to state a cause of action, the Second Department wrote:
The Supreme Court erred in concluding that the doctrine of the law of the case precluded granting the hospital's motion for summary judgment. It is well settled that the denial of a prior motion to dismiss a complaint for failure to state a cause of action does not preclude a subsequent motion for summary judgment (see, Pappas v Harrow Stores, 140 AD2d 501, 503; Perritano v Perone, 130 AD2d 472, 473; Scott v Transkrit Corp., 91 AD2d 682, 683; Fink v Horn Constr. Co., 58 AD2d 574, 575). The law of the case doctrine is inapplicable in such a situation because a motion to dismiss under CPLR 3211 (a) (7) for failure to state a cause of action, which addresses merely the sufficiency of the pleadings, is distinct from a motion for summary judgment pursuant to CPLR 3212, which searches the record and looks to the sufficiency of the underlying evidence (see, Tenzer, Greenblatt, Fallon & Kaplan v Capri Jewelry, 128 AD2d 467, 469). Since the issue raised by the instant motion was never raised on any prior application revealed in the record, nor decided by this Court, the motion was not barred by the law of the case (see, Teller v Bill Hayes, Ltd., 213 AD2d 141, 143-144). (Del Castillo v Bayley Seton Hosp., 232 AD2d 602, 603-604 [2d Dept 1996]; see Mobarek v Mowad, 55 AD3d 693 [2d Dept 2008]; Kidd v Delta Funding Corp., 299 AD2d 457 [2d Dept 2002].)
This was still the law when the Second Department determined Shirzadnia v Lecci (101 AD3d 1100 [2d Dept 2021]), in which the trial court denied that branch of the defendants' motion to dismiss the complaint pursuant to CPLR 3211, and then six years later granted a post-[*5]discovery CPLR 3211 summary judgment motion to dismiss the complaint:
The plaintiff's sole argument on appeal is that the Supreme Court should have denied the defendant's motion as either an untimely motion for leave to reargue, or an improper successive motion for summary judgment. However, since the defendant's 2005 motion was made prior to the service of an answer, and the 2011 motion was made following the completion of discovery, the record supports the Supreme Court's determination that the 2005 motion was not properly characterized as one for summary judgment, and that, accordingly, the 2011 motion did not violate the rule against successive motions for summary judgment (see Sutter v Wakefern Food Corp., 69 AD3d 844, 845 [2010]; see also Kimber Mfg., Inc. v Hanzus, 56 AD3d 615, 616 [2008]; Williams v City of White Plains, 6 AD3d 609 [2004]). For similar reasons, the defendant's 2011 motion was not an untimely motion for leave to reargue. (Shirzadnia v Lecci, 101 AD3d at 101.)
In Dischiavi v Calli (111 AD3d 1258, 1261 [4th Dept 2013]), the Court held: "Contrary to plaintiffs' contention, this Court's prior order denying those parts of the respective defendants' initial motions and cross motions pursuant to CPLR 3211 (a) (7) to dismiss the complaint, which w[ere] addressed to the sufficiency of the pleadings, did not establish the law of the case for the purpose of their subsequent motion[s] pursuant to CPLR 3212 for summary judgment, which [were] addressed to the sufficiency of the evidence" (Thompson v Lamprecht Transp., 39 AD3d 846, 847 [2007])."
More recently, the First Department similarly articulated the law: "Plaintiff's argument that the law of the case doctrine mandated a determination that the statements were defamatory per se is unavailing. The court had held that plaintiff had adequately stated a claim of defamation per se for the purposes of surviving defendants' prior CPLR 3211 (a) (7) motion, but 'the law of the case doctrine does not apply when a motion to dismiss is followed by a summary judgment motion, as is the case here' (Moses v Savedoff, 96 AD3d 466, 468 [1st Dept 2012])." (Pogil v KPMG LLP, 228 AD3d 469 [1st Dept 2024].)
(b) Application Here of Law Concerning CPLR 3211 & 3212, Successive Motions, and Law of the Case
Defendant's pre-answer motion to dismiss in 2019 must be deemed one made under CPLR 3211 (and indeed it so stated) since Defendant had not yet answered Plaintiff's complaint (see CPLR 3211 [a] [7]; Shirzadnia v Lecci, 101 AD3d 1100). Contrary to Plaintiff's position, the 2019 motion was not one for summary judgment as neither party requested that the Court treat it as such and the Court did not convert the motion on its own (see CPLR 3211 [c], Nonnon v City of New York, 9 NY3d 825 [2007]; Rich v Lefkowitz, 56 NY2d 276 [1982]; Fierro v Mauro, 104 Misc 2d 419, 421 [Sup Ct, Queens County 1980]).
Defendant's initiating motion papers in 2019 addressed the sufficiency of the fifth cause of action, specifically that Plaintiff did not reference any employment agreement. Defendant's argument was that absent such a reference, Plaintiff was an at-will employee who could not sustain a wrongful termination cause of action. Plaintiff countered: affording the complaint the benefit of every possible favorable inference, it must be inferred that he did have an employment agreement when he was terminated. Not having submitted documentary evidence in its initiating papers, Defendant did do so when it served and filed reply: it submitted the employment agreement and the amendment. Submitting these documents on reply was improper, but Plaintiff [*6]did counter it with a sur-reply, referencing its own documents: letters from Defendant's prior counsel referencing a proposed separation and release agreement. While Justice King did not expound in detail on her reasoning, she did state explicitly that the fifth cause of action set forth sufficient allegations. Although affidavits and documentary evidence submitted on a CPLR 3211 dismissal motion can impel the court to treat the motion as one challenging the cause of action itself as compared to whether the complaint states a cause of action, Justice King treated it as the latter: "sufficient allegations" (NYSCEF Doc No. 22 at 2). That is a quintessential adjudication of a CPLR 3211 (a) (7) motion to dismiss for failing to state a cause of action (see Leon v Martinez, 84 NY2d at 87-88; Sokol v Leader, 74 AD3d at 1180-1181).
It is noted that Plaintiff's argument that Illinois's law applied to whether Plaintiff was an at-will employee or not was tendered in his sur-reply with no opportunity for a response by Defendant. Justice King did not reference it and it should not have been included for the first time in the sur-reply. This Court treats the 2019 motion as not having litigated the choice of law issue.
In any event, the evidence submitted by Defendant at the time of the 2019 motion did not conclusively establish that Plaintiff was an at-will employee (see Guggenheimer v Ginzburg, 43 NY2d at 275; Meyer v New York-Presbyterian Hosp. Queens, 167 AD3d at 997]). Not only had there not taken place discovery wherein the existence of a written agreement covering the period when Plaintiff was terminated might be produced, Plaintiff submitted an affidavit tending to show that there was one (see Benjamin v Yeroushalmi, 212 AD3d 758; Houtenbos v Fordune Assn., Inc., 200 AD3d 662). Justice King's determination was amply supported by the motion record.
Justice King, on December 13, 2019, having denied Defendant's CPLR 3211 (a) (7) motion with respect to the fifth cause of action, we now proceed to examine the current motion. On its face, it is a CPLR 3211 (a) (7) one. The notice of motion states that it is. But is it a classic CPLR 3211 motion or one for summary judgment?
The notice of motion before the Court states that it is made pursuant to CPLR 3211 (a) (7). However, it is made after issue was joined, which would tend to show that it is a motion for summary judgment (see CPLR 3212). Defendant established that during discovery it sought copies of all contracts and agreements between the parties. Plaintiff produced the employment agreement and the amendment. Collectively, they evidence that Plaintiff's employment with Defendant ended on June 1, 2017. No other agreement was produced by Plaintiff. Therefore, it is established that no other agreement existed (despite Plaintiff maintaining in the 2019 motion that there was one). On this basis, Defendant argues that Plaintiff was an at-will employee who continued beyond the specified agreement date and, ergo, he could be terminated at any time. As a matter of law, there could not be wrongful termination, maintains Defendant.
How a motion is described is not determinative of its nature as long as the motion sufficiently specifies the relief sought, the party against whom the relief is sought, and the grounds (see Onofre v 243 Riverside Drive Corp., 232 AD3d 443; Beer v Village of New Paltz, 163 AD3d 713; Abizadeh v Abizadeh, 159 AD3d 856; Matter of Blauman-Spindler v Blauman, 68 AD3d at 1106; Matter of LiMandri, 171 AD2d 747). In fact, if the parties chart a course toward summary judgment, as they have done here, the Court may treat a motion denominated as one for CPLR 3211 (a) dismissal as one for summary judgment without notifying the parties in advance (see Bank of NY Mellon v Green, 132 AD3d 706 [2d Dept 2015]; Hopper v McCollum, 65 AD3d 669 [2d Dept 2009]; Hendrickson v Philbor Motors, Inc., 102 AD3d at 258-259; cf. [*7]Mihlovan v Grozavu, 72 NY2d 506 [1988]).
In any event, the Court may grant relief under the general prayer for relief if it is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party (see Shaw v RPA Assoc., LLC, 75 AD3d at 635-636; Frankel v Stavsky, 40 AD3d at 918-919).
Plaintiff treated the current motion as one for summary judgment. His papers include the claim, "Under the guise of a motion for summary judgment. . ." (NYSCEF Doc No. 181 ¶ 3). "While characterized as a motion to dismiss, this is nothing more than a motion seeking summary judgment on the Fifth Cause of Action" (id. ¶ 5), adds Plaintiff. He argues that this motion is an impermissible "multiple summary judgment motion[ ] in the same action[, which is] disfavored. . ." (id.). Plaintiff also contended, "The case law is clear that a trial court is compelled to deny the serial motions for summary judgment by the rule of law of the case" (id.).
Plaintiff is correct. This is a summary judgment motion. Since Plaintiff has treated the instant motion as one for summary judgment, he cannot be heard to complain that the Court is also treating it as one (see Wein v City of New York, 36 NY2d 610, 620-621 [1975]; Hendrickson v Philbor Motors, Inc., 102 AD3d at 389).
Plaintiff is also correct that successive summary judgment motions are disfavored, absent newly discovered evidence (see 313 43rd St. Realty, LLC v TMS Enters., LP, 215 AD3d at 903-904; GLND 1945, LLC v Ballard, 209 AD3d 993; Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d at 475; Vinar v Litman, 110 AD3d at 868; Coccia v Liotti, 101 AD3d at 666; Sutter v Wakefern Food Corp., 69 AD3d at 845; Powell v Trans-Auto Sys., 32 AD2d 650). But the instant motion is not a successive summary judgment motion inasmuch as the previous motion was a CPLR 3211 (a) (7) pre-answer one to dismiss for failing to state a cause of action (see Shirzadnia v Lecci, 101 AD3d 1100).
Even if this were considered a successive motion, it was not conclusively established in the first motion that no other written employment agreement existed. That fact is now established through Plaintiff's discovery response (see NYSCEF Doc No. 170 at PDF 3 ["Attached find a copy of the executed Employment Agreement and a copy of the executed Amendment to the Employment Agreement."]). Evidence not available then is conclusive now and hence a successive motion is permitted (see 313 43rd St. Realty, LLC v TMS Enters., LP, 215 AD3d at 903-904; Vinar v Litman, 110 AD3d at 868-869). Therefore, it is irrelevant that the agreement and the amendment were before the Court in the prior motion, a point articulated by Plaintiff during oral argument.
Since the 2019 motion was not for summary judgment, Plaintiff's argument that the within one "essentially seeks to renew and/or reargue that motion" and "defendant never previously sought to renew or reargue" (NYSCEF Doc No. 181 ¶ 3) lacks merit (see Shirzadnia v Lecci,101 AD3d at 101).
"Summary judgment motions under CPLR 3212 may be made on grounds that duplicate the dismissal grounds delineated in CPLR 3211(a)." (Mark C. Dillon, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C3212:35.) Case law backs this up (see Shirzadnia v Lecci, 101 AD3d 1100; Del Castillo v Bayley Seton Hosp., 232 AD2d at 603-604).
Moreover, the doctrine of law of the case does not apply when a defendant's CPLR 3211 pre-answer dismissal motion is denied and subsequently defendant makes a post-answer summary judgment motion (see Pogil v KPMG LLP, 228 AD3d 469; Wolf Props., Assoc., L.P. v [*8]Castle Restoration, LLC, 174 AD3d 838; Strujan v Glencord Bldg. Corp., 137 AD3d 1252; Erickson v Cross Ready Mix, Inc., 98 AD3d 717; Moses v Savedoff, 96 AD3d at 468; Mobarek v Mowad, 55 AD3d 693; Thompson v Lamprecht Transp., 39 AD3d at 847; Kidd v Delta Funding Corp., 299 AD2d 457; Del Castillo v Bayley Seton Hosp., 232 AD2d at 603-604).
The prior motion was addressed to the sufficiency of the pleaded fifth cause of action whereas the current motion is addressed to the sufficiency of Plaintiff's evidence in support of that cause of action (see Thompson v Lamprecht Transp., 39 AD3d at 847). Therefore, contrary to Plaintiff's argument, the instant motion is not duplicative of the 2019 one determined by Justice King. Plaintiff's argument to that effect is rejected.
(c) Facts and Law Concerning Nature of Employment
It is unrebutted that the only agreement in existence between the parties governing Plaintiff's employment by Defendant ended on June 1, 2019. Under New York law, Plaintiff's continued work for Defendant was in the nature of an at-will employee. "It is still settled law in New York that, absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party" (Sabetay v Sterling Drug, 69 NY2d 329 [1987]; see Hefter v Elderserve Health, Inc., 134 AD3d 673 [2d Dept 2015]). 
One who continues to work for an employer past the expiration date of the period of employment provided for in an employment agreement which by its terms constitutes the entire agreement and may be amended only by an executed written instrument, as was the situation here, is an at-will employee (see Goldman v White Plains Ctr. for Nursing Care, LLC, 11 NY3d 173 [2008]; Holahan v 488 Performance Group, Inc., 140 AD3d 414 [1st Dept 2016]; Wood v Long Is. Pipe Supply, Inc., 82 AD3d 1088 [2d Dept 2011]).
In the absence of evidence of an impermissible termination based on a legally protected status, as an at-will employee, Plaintiff failed to make out a legally cognizable claim of wrongful termination (see Sabetay v Sterling Drug, 69 NY2d 329; Hefter v Elderserve Health, Inc., 134 AD3d 673).
Plaintiff's papers in opposition to the within motion do not rebut Defendant's cited New York case law to this effect. Plaintiff's arguments are directed solely at Justice King's 2019 determination. There is no discussion concerning the merits of the termination or any alleged improper motivation on the part of Defendant.
During oral argument, Plaintiff's counsel adverted to Illinois law being to the effect that it is presumed that an employment agreement containing a fixed term continues thereafter if the employer and employee maintain the same relationship. Accepting this argument would entail a conflict of laws analysis which was not raised in Plaintiff's opposition papers. As such, this argument cannot be considered (see Dunham v Hilco Constr. Co., Inc., 89 NY2d 425 [1996]; Antone v General Motors Corp., Buick Motor Div., 64 NY2d 20, 31 [1984]; State Farm Fire & Cas. Co. v Dayco Prods, Inc., 19 AD3d 923 [3d Dept 2005] [issue involving conflict of laws]; Gonzalez v New York State Dept. of Correctional Servs., 181 AD2d 1011 [4th Dept 1992]; Shufelt v Beaudoin, 116 AD2d 422, 424 [3d Dept 1986]; Scialdone v Stepping Stone Assoc., LP, 2014 NY Slip Op 33861[U], *2 [Sup Ct, Westchester County 2014); Carstarphen v St Barnabas Hosp., 2012 WL 10007668, *1 [Sup Ct, Bronx County 2012]; Shenouda v Brookdale Hosp. Med. Ctr., 2002 NY Slip Op 50263[U], * 3 [Sup Ct, Kings County 2002]; Chase Manhattan Bank v New Hampshire Ins. Co., 193 Misc 2d 580, 585 n 6 [Sup Ct, NY County 2002] [English [*9]law would not be applied]; Woodley v State, 88 Misc 2d 889, 891 [Ct Claims 1976] [memorandum of law alone cannot successfully oppose properly supported motion]).
As was stated, "Although it appears that all events involved herein occurred outside of New York State, the parties have not raised a conflict of laws issue or pleaded another State's law. Accordingly, New York law is applied." (Liberty Mut. Ins. Co. v Abbott, 107 AD2d 962, 962 n [3d Dept 1985].)
Moreover, Plaintiff did not submit his own affidavit to counter Defendant's factual position that no other employment agreements exist. This constitutes a failure to establish a material fact (see CPLR 3212 [b]).
(d) Applying Summary Judgment Motion Standards
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 560 [1980]).
In the within motion by Defendant for summary judgment dismissing Plaintiff's cause of action for wrongful termination, Defendant made out its prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, that Plaintiff was an at-will employee at the time he was terminated and, as such, that he lacked a cause of action alleging wrongful termination. The burden shifted to Plaintiff, as the nonmoving party, to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial on the wrongful termination cause of action. Since Plaintiff failed to do so, dismissal of said cause of action is called for.

 III. Conclusion
IT IS HEREBY ORDERED that Defendant's motion for summary judgment dismissing Plaintiff's complaint's fifth cause of action, alleging wrongful termination, is GRANTED, and it is FURTHER ORDERED that said cause of action is stricken from said complaint.

Footnotes

Footnote 1:While the grant of relief under CPLR 3211 and CPLR 3212 may be equivalent functionally, a CPLR 3211 motion for dismissal and a CPLR 3212 motion remain different. As has been stated, a court should not "conflate[ ] the two concepts by reciting that it awarded 'Rule 3211(a)(7) summary judgment' [ ]. The disposition is a contradiction in terms, as a successful CPLR 3211(a)(7) motion will result in the dismissal of a complaint or other pleading without addressing the merits, while a successful CPLR 3212 motion awards judgment to the moving party on the merits as a matter of law" (Hendrickson v Philbor Motors, Inc., 102 AD3d 251 [2d Dept 2012]).

Footnote 2:But note the exceptions discussed in Hendrickson v Philbor Motors, Inc. (102 AD3d at 258-259), which include when the party who is aggrieved by the summary judgment determination requested conversion of the CPLR 3211 motion to one for summary judgment, and when the parties' submissions chart a summary judgment course.